MATTER OF HADDAD

In Exclusion Proceedings

A-30956128

*Decided by Board June 28, 1977*

(1) Applicant was admitted to the United States for permanent residence in 1971. On May 13, 1975, he was paroled into the United States to await exclusion proceedings following his return from a visit to Jordan to visit his ailing mother. The exclusion proceedings were brought under section 212(a)(23) of the Immigration and Nationality Act based on his conviction in 1974 of possession of marihuana in violation of Section 18.1070(41)(4)(d), Michigan Statutes Annotated. However, prior to the exclusion hearing, he moved in the Michigan Court for dismissal of the proceedings and discharge under Section 18.1070(47), Michigan Statutes Annotated, which was granted November 25, 1975.

(2) Section 18.1070(47), Michigan Statutes Annotated, is a first offender statute. It is a state counterpart to 21 U.S.C. 844(b)(1), the Federal first offender statute. A conviction expunged under a state counterpart of the Federal first offender statute cannot be used as a ground of exclusion under section 212(a)(23) of the Immigration and Nationality Act. Compare *Matter of Werk*, Interim Decision 2589 (BIA 1977).

EXCLUDABLE:

Act of 1952—Section 212(a)(23) [8 U.S.C. 1182(a)(23)]—Convicted prior to entry of a crime related to the possession of marihuana

ON BEHALF OF APPLICANT: Janet Calvo, Esquire
Legal Aid Society
11 Park Place
New York, New York 10007

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

In a decision dated August 25, 1976, an immigration judge found the applicant inadmissible under section 212(a)(23) of the Immigration and Nationality Act. The applicant has appealed. The appeal will be sustained.

The applicant, a native and citizen of Jordan, was admitted to the United States for permanent residence in 1971. On November 18, 1974, he was found guilty of possession of marihuana, a violation of Section 18.1070(41(4)(d)), Michigan Statutes Annotated, in the District Court of the 37th Judicial District of the State of Michigan. He was sentenced to

pay $300 court costs, a $50.00 fine, a $4.00 statutory fee, and to serve one years probation.

In January of 1975, the applicant returned to Jordan to visit his ailing mother. Upon his return to this country on May 13, 1975, he was paroled into the United States to await exclusion proceedings. Before a hearing was held on his admissibility, the applicant moved the District Court judge in Michigan who had sentenced him on the marihuana charge to dismiss the proceedings and to discharge him pursuant to Michigan Statutes Annotated Section 18.1070(47). (See Appendix A.) An order granting the motion was issued on November 25, 1975.

The issue argued below and raised again on appeal is whether the applicant is excludable under section 212(a)(23) of the Immigration and Nationality Act in light of the action taken by the Michigan court under Michigan Statutes Annotated Section 18.1070(47).

In a recent interim decision, *Matter of Werk,* Interim Decision 2589 (BIA, May 26, 1977), we held that a conviction which has been expunged under a state counterpart to 21 U.S.C. 844(b)(1), a Federal first offender statute (See Appendix B), will not be considered a conviction for purposes of deportation. We have concluded that the rationale of the *Werk* decision should also apply to eliminate such expunged convictions as grounds for exclusion under section 212 of the Immigration and Nationality Act.

From the text of section 18.1070(47) of the Michigan Statutes Annotated, we have concluded that the respondent's conviction was expunged under a statute which is a state counterpart to 21 U.S.C. 844(b)(1). As a consequence, the appeal will be sustained.

**ORDER:** The appeal is sustained and the applicant's admission as a returning resident is authorized.

APPENDIX A

Michigan Statutes Annotated 18.1070(47).

Probation, no previous related convictions; violation of conditions; discharge and dismissal; effect; limitation; nonpublic record, purpose; rehabilitation program; fee Sec. 47. (1) When any person who has not previously been convicted of any offense under this act or under any statute of the United States or of any state relating to narcotic drugs, coca leaves, marihuana, or stimulant, depressant or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a controlled substance under subsection (4) of section 41 or of use of a controlled substance under subsection (5) of section 41, the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge

and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under section 48. There may be only one discharge and dismissal under this section with respect to any person. The records and identification division of the department of state police shall retain a nonpublic record of an arrest and discharge or dismissal under this section. This record shall be furnished to any court or police agency upon request for the purpose of showing that a defendant in a criminal action involving the use of a controlled substance covered in this act has already once availed himself of the provisions of this section.

## APPENDIX B

### 21 United States Code 844(b)(1).

If any person who has not previously been convicted of violating subsection (a) of this section, any other provision of this subchapter or subchapter II of this chapter, or any other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, is found guilty of violation of subsection (a) of this section after trial or upon a plea of guilty, the court may, without entering a judgment of guilty and with the consent of such person, defer further proceedings and place him on probation upon such reasonable conditions as it may require and for such period, not to exceed one year, as the court may prescribe. Upon violation of a condition of the probation, the court may enter an adjudication of guilt and proceed as otherwise provided. The court may, in its discretion, dismiss the proceedings against such person and discharge him from probation before the expiration of the maximum period prescribed for such person's probation. If during the period of his probation such person does not violate any of the conditions of the probation, then upon expiration of such period the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal under this subsection shall be without court adjudication of guilt, but a nonpublic record thereof shall be retained by the Department of Justice solely for the purpose of use by the courts in determining whether or not, in subsequent proceedings, such person qualifies under this subsection. Such discharge or dismissal shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime (including the penalties prescribed under this part for second or subsequent convictions) or for any other purpose. Discharge and dismissal under this section may occur only once with respect to any person.