## MATTER OF FORSTNER

### In Deportation Proceedings ·

### A-30461480

*Decided by Board February 24, 1983*

Expungement of a narcotics conviction pursuant to section 137.225 of the Oregon Revised Statutes does not eliminate the conviction for purposes of deportation because that statute is not a state counterpart to the federal first offender statute, 21 U.S.C. 844(b)(1).

CHARGE:

Order: Act of 1952—Sec. 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of a narcotics violation

ON BEHALF OF RESPONDENT:
Gerald II. Robinson, Esquire
1001 S. W. Fifth Avenue, Suite 1500
Portland, Oregon 97204

ON BEHALF OF SERVICE:
Kendall B. Warren
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, and Vacca, Board Members

The respondent has appealed from a decision of the immigration judge dated November 9, 1979, denying his request to terminate deportation proceedings and ordering him deported from the United States. The appeal will be dismissed.

In a decision dated November 2, 1976, the immigration judge found the respondent deportable under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C 1251(a)(11), by virtue of his conviction in the Circuit Court of the State of Oregon for Lane County on December 1, 1975, of illegal furnishing of narcotics in violation of section 167.207 of the Oregon Revised Statutes. The respondent's appeal from that decision was dismissed by an order of the Board on August 9, 1977, which · was affirmed on petition for review. *Forstner* v. *INS*, 579 F.2d 506 (9 Cir. 1978). The respondent's petition for writ of certiorari was also denied. *INS* v. *Forstner*, 99 S.Ct. 841 (1979).

· On February 28, 1979, the respondent filed a motion to reopen which was granted by the Board on March 26, 1979. At a reopened hearing, the respondent argued that deportation proceedings should be terminated because the conviction on which his deportation order was based

had been expunged pursuant to section 137.225 of the Oregon Revised Statutes.[1] Having reviewed the statute involved, the immigration judge concluded that it was not a counterpart to the federal first offender statute, 21 U.S.C. 844(b)(1), because its application was not limited to convictions of first offenders. He further noted that a conviction expunged under the Oregon statute could subsequently be considered for purposes of determining eligibility for other expungements, as well as in certain instances in civil proceedings. Thus he found that the respondent's conviction was not eliminated for purposes of deportation.

In a well-reasoned brief on appeal, the respondent argues that the Oregon statute should be considered a first offender statute and that consequently his expunged conviction should no longer provide a basis for deportation. Citing the criteria set forth in *Matter of Kaneda*, 16 I&N Dec. 677 (BIA 1979), he contends that the Oregon statute is a counterpart to the federal statute because its purpose is to give a first offender a second opportunity by eliminating the effects of a conviction and because its benefits are limited to a small class of individuals consist-

---

[1] Section 137.225 provides in pertinent part:

(1) At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction.

. . .

(3) . . . Upon the entry of such an order, the applicant for purposes of the law shall be deemed not to have been previously convicted and the court shall issue an order sealing the record of conviction and other official records in the case, including the records of arrest resulting in the criminal proceeding.

. . .

(5) The provisions of subsection (1) of this section apply to a conviction of:
   (a) A Class C felony.
   (b) The crime of possession of the narcotic drug marijuana when that crime was punishable as a felony only.
   (c) A crime punishable as either a felony or a misdemeanor, in the discretion of the court.
   (d) A misdemeanor, including a violation of a municipal ordinance, for which a jail sentence may be imposed.
   (e) A violation described in ORS 167.207, 167.217 or 167.222.

. . .

(6) The provisions of subsection (1) of this section do not apply to:

. . .

   (b) A person convicted, within the 10-year period immediately preceding the filing of his motion pursuant to subsection (1) of this section, of more than one offense, excluding motor vehicle violations, whether the second or additional convictions occurred in the same action in which the conviction as to which relief is sought occurred or in another action. Notwithstanding subsection (1) of this section, a conviction which has been set aside under this section shall be considered for the purpose of determining whether this paragraph is applicable. . .

375

ing of those convicted of committing only minor offenses who have not been otherwise convicted in the previous 10 years. He further claims that he would have been eligible for relief as a first offender if convicted in a federal court and therefore should be treated in an equal manner to others convicted in federal courts or in state courts which have counterpart first offender statutes.

We are unable to agree with the respondent's assertion that the Oregon expungement statute is a counterpart to the federal first offender statute. Its language, unlike that of other statutes recognized as being equivalent to the federal statute, does not parallel the provisions of 21 U.S.C. 844(b)(1). See Matter of Seda, 17 I&N Dec. 550 (BIA 1980); Matter of Kaneda, supra; Matter of Haddad, 16 I&N Dec. 253 (BIA 1977); Matter of Werk, 16 I&N Dec. 234 (BIA 1977). In Matter of Seda, supra, we noted that the federal first offender statute and each of its state counterparts provided for withholding of adjudication of guilt by the court and discharge without a conviction upon successful completion of probation. Cf. Matter of Zangwill, 18 I&N Dec. 22 (BIA 1981). We found the first offender statutes to be distinguishable in this respect from procedures for expunging an existing conviction.

In order to be eligible for relief under the Oregon statute, an offender's sentence must have been completed and 3 years must have elapsed since pronouncement of judgment before a conviction may be set aside. This procedure clearly differs from that set forth in the first offender statutes where no conviction exists. Since section 137.225 merely eliminates the stigma of a conviction after fulfillment of the penalties imposed, it is akin to an expungement statute which we have long held will not eliminate a conviction for deportation purposes. See Matter of Golshan, 18 I&N Dec. 92 (BIA 1981); Matter of Moeller, 16 I&N Dec. 65 (BIA 1976); Matter of Varagianis, 16 I&N Dec. 48 (BIA 1976); Matter of Tucker, 15 I&N Dec. 337 (BIA 1975), aff'd Tucker v. INS, 551 F.2d 313 (9 Cir. 1977); Matter of Espinoza, 15 I&N Dec. 328 (BIA 1975); Matter of Lindner, 15 I&N Dec. 170 (BIA 1975); Matter of Wong, 12 I&N Dec. 721 (BIA 1968); Matter of Kelly, 10 I&N Dec. 526 (BIA 1964), aff'd Kelly v. INS, 349 F.2d 473 (9 Cir.), cert. denied, 382 U.S. 932 (1965); Matter of A-F-, 8 I&N Dec. 429 (A.G. 1959).

The Oregon statute's applicability is also not restricted to only a small class of offenders. Although the respondent argues that eligibility for expungement of a conviction in Oregon is limited to persons convicted of certain minor offenses, section 137.225(5)(c) extends the provisions of the statute to any crime, whether a felony or misdemeanor, which the court in its discretion elects to expunge. Moreover, although the statute limits eligibility for expungement to persons not convicted of another crime in the previous 10 years, we are not persuaded that this provision renders those to whom relief is available equivalent to first offenders.

We therefore conclude that section 137.225 of the Oregon Revised Statutes is not a state counterpart to the federal first offender statute.

We also find no merit in the respondent's argument that he should not be penalized for having been convicted in a state court rather than a federal court where he would have been eligible for treatment as a first offender.[2] That contention was previously addressed and rejected in *Matter of Golshan, supra.* We noted there the Attorney General's conclusion in *Matter of A-F-, supra,* that Congress did not intend to permit aliens convicted of narcotics violations to escape deportation on the basis of a state procedure authorizing a technical erasure of the conviction. The policy determination set forth by the Attorney General in that case has also received the approval of the courts. *See Kolios v. INS,* 532 F.2d 786 (1 Cir.), *cert. denied,* 429 U.S. 884 (1976); *Gonzalez de Lara v. United States,* 439 F.2d 1316 (5 Cir. 1971); *Cruz-Martinez v. INS,* 404 F.2d 1198 (9 Cir. 1968), *cert. denied,* 394 U.S. 955 (1969); *Garcia-Gonzales v. INS,* 344 F.2d 804 (9 Cir.), *cert. denied,* 382 U.S. 840 (1965); *but see Rehman v. INS,* 544 F.2d 71 (2 Cir. 1976). We therefore find the respondent's contentions to be unconvincing and conclude that the expungement of his conviction pursuant to section 137.225 does not eliminate it for purposes of deportation.

Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

Board Member James P. Morris has abstained from consideration of this case.

---

[2] We note the respondent's citation in this regard to the Solicitor General's memorandum included in the Appendix to *Matter of Andrade,* 14 I&N Dec. 651 (BIA 1974). It should be pointed out that both the Solicitor General's statement and the Motion of Commissioner, which is also part of the Appendix in that case, add the caveat that the positions stated there do not apply to expungement under state laws that do not have a federal counterpart.