MATTER OF CARRILLO

In Deportation Proceedings

A-17251735

*Decided by Board May 3, 1984*

Expunction of a marihuana conviction pursuant to Article 42.12, section 7, of the Texas Code of Criminal Procedure does not eliminate the conviction for purposes of deportation because that statute is not a state counterpart to the federal first offender statute, 21 U.S.C. §844(b)(1) (1982). *Matter of Sirhan,* 13 I&N Dec. 592 (BIA 1970); and *Matter of O'Sullivan,* 10 I&N Dec. 320 (BIA 1963), distinguished.

CHARGE:

Order: Act of 1952—Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of marihuana violation

ON BEHALF OF RESPONDENT:
Douglas R. Eikermann, Esquire
Wiley, Hale & Fleuriet
Post Office Drawer 2764
Harlingen, Texas 78550

ON BEHALF OF SERVICE:
Ira L. Frank
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The Immigration and Naturalization Service has appealed from a decision of the immigration judge dated February 27, 1980, terminating deportation proceedings against the respondent. The appeal will be sustained and the record will be remanded to the immigration judge for further proceedings.

The respondent is a 31-year-old native and citizen of Mexico who was admitted to the United States as a lawful permanent resident on January 15, 1967. The record reflects that he is married to a native and citizen of Mexico and that he has two United States citizen children.

The record further reflects that the respondent was convicted on October 26, 1978, in the 138th District Court of Willacy County, Texas, upon a plea of guilty to possession of marihuana, for which

he received a suspended sentence of 2 years' confinement and a 3-year period of probation with a $250 fine. On February 22, 1980, upon a motion by the respondent, the court ordered withdrawal of the respondent's guilty plea, vacation of his conviction, dismissal of the charges against him, and termination of his probation.

The Service issued an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) on January 9, 1980, charging the respondent with deportability under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11) (1982), as an alien convicted of a violation of a law relating to the illicit possession of marihuana. At the hearing, counsel for the respondent submitted a copy of the order setting the respondent's conviction aside and dismissing the charges against him. The immigration judge determined that the court's order was a judicial act which he believed would eliminate a conviction for immigration purposes under our decisions in *Matter of Sirhan*, 13 I&N Dec. 592 (BIA 1970), and *Matter of O'Sullivan*, 10 I&N Dec. 320 (BIA 1963). He further noted that the Texas statute under which the respondent's conviction was vacated is comparable to the federal first offender statute.[1] He therefore concluded that the respondent no longer had a conviction which would support a finding of deportability. He terminated the deportation proceedings and consequently made no ruling on the respondent's application for a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1982).

On appeal, the Service argues that the immigration judge erred in terminating the proceedings on the ground that the respondent's conviction was eliminated for deportation purposes by the order of the court. We agree.

---

[1] The respondent's conviction was set aside pursuant to Article 42.12, section 7, of the Texas Code of Criminal Procedure which provides as follows: At any time, after the defendant has satisfactorily completed one-third of the original probationary period or two years of probation, whichever is the lesser, the period of probation may be reduced or terminated by the court. Upon the satisfactory fulfillment of the conditions of probation, and the expiration of the period of probation, the court, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period and shall discharge the defendant. In case the defendant has been convicted or has entered a plea of guilty or a plea of nolo contendere to an offense . . . and the court has discharged the defendant hereunder, such court may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense.

Initially, we find the immigration judge's reliance on our decisions in *Matter of Sirhan, supra,* and *Matter of O'Sullivan, supra,* to be inappropriate. In *O'Sullivan,* we specifically distinguished the judicial action taken by the court in that case from an expunction granted by a judge pursuant to the statutory procedures in California which the Attorney General found ineffective to eliminate a conviction for deportation purposes in *Matter of A-F-,* 8 I&N Dec. 429 (BIA, A.G. 1959). We noted that the California statute restricted the court's authority to set a conviction aside by requiring the fulfillment of specific probationary conditions and by providing that the conviction continues to exist for certain purposes. Similarly, in *Sirhan,* we determined that the court's authority to vacate the conviction was through its judicial power to grant a writ of coram nobis rather than by statute. In the instant case, the immigration judge and the parties have acknowledged that the court's jurisdiction to set aside the respondent's conviction was based on the statutory provisions of Article 42.12, section 7, of the Texas Code of Criminal Procedure.

An examination of the Texas statute under which the respondent's conviction was set aside reveals that it is not a counterpart to the federal first offender statute. *See* 21 U.S.C. § 844(b)(1) (1982). In *Matter of Seda,* 17 I&N Dec. 550 (BIA 1980), we noted that the federal first offender statute and its state equivalents provide for withholding of adjudication of guilt by the court and discharge without a conviction upon successful completion of probation. *See also Matter of Kaneda,* 16 I&N Dec. 677 (BIA 1979); *Matter of Haddad,* 16 I&N Dec. 253 (BIA 1977); *Matter of Werk,* 16 I&N Dec. 234 (BIA 1977). In this respect, they are distinguishable from expunction statutes which merely remove the stigma of a conviction after fulfillment of the penalties imposed and which are not effective to eliminate the conviction for immigration purposes. *See Matter of Forstner,* 18 I&N Dec. 374 (BIA 1983); *Matter of Golshan,* 18 I&N Dec. 92 (BIA 1981); *Matter of Moeller,* 16 I&N Dec. 65 (BIA 1976); *Matter of Varagianis,* 16 I&N Dec. 48 (BIA 1976); *Matter of Tucker,* 15 I&N Dec. 337 (BIA 1975), *aff'd Tucker v. INS,* 551 F.2d 313 (9th Cir. 1977); *Matter of Espinoza,* 15 I&N Dec. 328 (BIA 1975); *Matter of Lindner,* 15 I&N Dec. 170 (BIA 1975); *Matter of Wong,* 12 I&N Dec. 721 (BIA 1968); *Matter of Kelly,* 10 I&N Dec. 526 (BIA 1964), *aff'd Kelly v. INS,* 349 F.2d 473 (9th Cir.), *cert. denied,* 382 U.S. 932 (1965); *Matter of A-F-, supra.* Since the Texas statute allows the court to set aside a verdict or permit the defendant to withdraw his plea of guilty or nolo contendere, it clearly provides only a post-conviction remedy. Consequently, it is not comparable to the first offender statutes where no conviction exists. Further-

more, its provisions are not applicable to only a limited class of first offenders but are available to the convicted population at large. We therefore conclude that the immigration judge erred in finding the Texas statute to be the equivalent of a first offender statute and in terminating the proceedings on that basis.

Having carefully reviewed Article 42.12, section 7, of the Texas Code of Criminal Procedure, we find it to be an expunction statute, *i.e.*, one which sets forth a rehabilitative procedure for dismissal of criminal charges against a convicted person following a successful period of probation. As such, it clearly falls within the policy determination set forth by the Attorney General in *Matter of A-F-*, *supra*, which precludes avoidance of deportation by one whose narcotics conviction has been eliminated by a state expunction procedure. *See Matter of Golshan, supra.* Furthermore, the United States Court of Appeals for the Fifth Circuit, in which this case arises, has specifically held that an alien whose narcotics conviction was expunged pursuant to the Texas statute at issue here remains subject to deportation on the basis of the conviction. *Gonzalez de Lara v. United States*, 439 F.2d 1316 (5th Cir. 1971). The First Circuit reached the same conclusion regarding this statute in *Kolios v. INS*, 532 F.2d 786 (1st Cir.), *cert. denied*, 429 U.S. 884 (1976), noting that Congress has taken a narrow approach toward narcotics offenders and would not likely "contemplate that state expungment statutes of general applicability could insulate any narcotics offender from the sanction of deportation." *Id.* at 790. Consequently, we conclude that the expunction of the respondent's conviction by the court pursuant to Article 42.12, section 7, of the Texas Code of Criminal Procedure did not eliminate the conviction so as to prevent a finding of deportability under section 241(a)(11) of the Act. Accordingly, the appeal of the Immigration and Naturalization Service will be sustained and the immigration judge's order terminating the proceedings will be vacated. Inasmuch as the immigration judge has not adjudicated the respondent's application for a section 212(c) waiver, we shall remand the record for that purpose. On remand, the respondent should be permitted to submit any additional evidence available to him in support of his waiver request.

**ORDER:** The appeal is sustained and the decision of the immigration judge is vacated.

**FURTHER ORDER:** The record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion.

MATTER OF CHU

In Visa Petition Proceedings

A-24303227

*Decided by Board May 3, 1984*

(1) Certificates issued by notarial offices in the People's Republic of China ("PRC") which are offered as proof of post-1950 adoptions in mainland China shall be accepted as evidence both that the adoptive relationship was created and that the adoption is regarded as valid by the PRC Government. *Matter of May,* 18 I&N Dec. 381 (BIA 1983), distinguished. *Matter of Ho,* 18 I&N Dec. 152 (BIA 1981), superseded.

(2) A certificate issued by one of the PRC's notarial offices is an essential element of proof in establishing the existence of a valid post-1950 adoption in the PRC in that if an applicant for such certificate is unable to persuade notarial officials that the certificate should be issued, either because of questions relating to the establishment of the adoption or its conformance to PRC public policy, then he cannot satisfy his burden of proving that the claimed relationship exists for purposes of our immigration laws.

(3) Certificates issued by notarial offices in the PRC shall not be regarded as conclusive proof of the facts certified because of the potential for fraud or error in their issuance: fraud or mistake may reasonably be suspected where the facts recited on the notarial certificate are contradicted by other evidence and the inconsistencies have not been satisfactorily explained by the petitioner or where there is an absence of sufficient corroborating evidence.

ON BEHALF OF PETITIONER:
Jim Tom Haynes, Esquire
1140 Connecticut Avenue, N.W.
Washington, D.C. 20036

ON BEHALF OF SERVICE:
Eloise Rosas
Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated August 26, 1983, the district director denied the visa petition filed by the lawful permanent resident petitioner to accord the beneficiary preference status as an adopted daughter pursuant to section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(2) (1982). The petitioner appealed from that decision and oral argument in the case was heard by the Board on

81

December 22, 1983. The record will be remanded to the district director.

The beneficiary is a 14-year-old native and citizen of the People's Republic of China ("PRC"). The petitioner, also a native of the PRC, claims to have adopted the beneficiary in 1975 when the beneficiary was 6 years of age. In support of her visa petition, the petitioner submitted certificates issued by one of China's notarial offices which state that the beneficiary is the adopted daughter of the petitioner and her husband, the adoption having taken place in the PRC on October 2, 1975.

The district director denied the visa petition for failure on the part of the petitioner to establish the existence of the claimed relationship between herself and the beneficiary. The district director noted that on documents executed in connection with her own immigration to the United States in 1979, the petitioner had declared only her natural children and had made no mention of the beneficiary. The district director also relied upon a memorandum from the American consulate general at Guangzhou, the State Department consular district in which the beneficiary resides, which was prepared in response to a request the district director had made for an overseas opinion as to the validity of the adoption. The State Department memorandum, dated July 28, 1982, expresses the view that the visa petition should not be approved: the memorandum advises that notarial certificates such as those submitted by the petitioner carry some weight but, standing alone, do not establish that a legal adoption has taken place, particularly where they are contradicted by other evidence such as the petitioner's past failure to acknowledge the beneficiary as her daughter. Appended to the memorandum is an airgram that discusses post-1950 adoptions in the PRC which the consulate at Guangzhou had previously, on August 19, 1981, directed to various State Department and Immigration and Naturalization Service offices.

At issue in this case is the evidence required to substantiate a claimed adoption created after the Civil Code of China was suspended in 1950 by the Communist Chinese Government which had seized control of the mainland of China. An adoption that is valid under the law of the place where it occurred will be recognized as valid for purposes of our immigration laws. *Matter of Kwok,* 14 I&N Dec. 127 (BIA 1972); *Matter of R-,* 6 I&N Dec. 760 (BIA 1955). It is settled that adoptive relationships created after the Communist Chinese Government came to power are recognized in the