## MATTER OF GARCIA

## In Deportation Proceedings

## A-36664307

### Decided by Board October 9, 1985

(1) Although Article 42.12, section 3d of the Texas Code of Criminal Procedure is not a first offender statute, a person sentenced to probation under that statute has not been convicted for immigration purposes because adjudication of guilt has not been withheld by the trial court.

(2) Where there has been no affirmative showing that the trial judge lacked authority under Texas law to order a new trial and resentence the respondent, the Board of Immigration Appeals will not question the judge's jurisdiction to so act.

CHARGE:
Order: Act of 1952—Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of marihuana violation

ON BEHALF OF RESPONDENT:
Frank S. Triana, Esquire
664 Broadway, Suite G
Chula Vista, California 92010

ON BEHALF OF SERVICE:
Penny M. Smith
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated April 30, 1984,[1] the immigration judge found the respondent deportable under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11) (1982), as an alien convicted of possession of marihuana and ordered him deported from the United States. The immigration judge has certified his decision to the Board for review and the respondent has appealed. The respondent's appeal will be sustained and the decision of the immigration judge will be reversed. The proceedings against the respondent will be terminated.

---

[1] The record reflects that the immigration judge initially rendered a decision on March 26, 1984, which he subsequently amended on April 30, 1984. Since the respondent's appeal was untimely filed, it was not inappropriate for the immigration judge to reopen the proceedings on his own motion to amend his decision.

The respondent is a 28-year-old native and citizen of Mexico who was admitted to the United States as a lawful permanent resident on May 12, 1980. The record reflects that he was convicted on December 13, 1982, in the District Court of Brewster County, Texas, 83rd Judicial District, of possession of marihuana, for which he was fined $1,000 and sentenced to 10 years of confinement. The imposition of the respondent's prison sentence was suspended, and he was placed on probation for 10 years. He subsequently filed a motion for a new trial, alleging that the trial court had committed a material error in entering a judgment that was contrary to law and evidence. The motion was granted on October 24, 1983, on which date a new order was issued. Pursuant to that order, the court deferred adjudication of guilt but again placed the respondent on probation for 10 years and fined him $1,000.

Following issuance of an Order to Show Cause and Notice of Hearing (Form I-221), the respondent requested that his deportation proceedings be terminated on the ground that there was no conviction to support a finding of deportability. He claimed that he was not convicted because he had been placed on probation under Article 42.12, section 3d of the Texas Code of Criminal Procedure. That statute provides for deferral of adjudication of guilt during probation and dismissal of the proceedings without conviction upon expiration of the probationary period.[2]

---

[2] Article 42.12, section 3d of the Texas Code of Criminal Procedure of 1965 Annotated provides as follows:

(a) Except as provided by Subsection (d) of this section, when in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation for a period as the court may prescribe, not to exceed 10 years. The court may impose a fine applicable to the offense and require any reasonable terms and conditions of probation, including any of the conditions enumerated in Sections 6 and 6a of this Article. However, upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, the court shall proceed to final adjudication as in all other cases.

(b) On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

(c) On expiration of a probationary period imposed under Subsection (a) of this section, if the court has not proceeded to adjudication of guilt, the court shall dis-
*Continued*

The immigration judge rejected the respondent's contention that a conviction did not exist for immigration purposes. He first noted that the respondent had not argued that Article 42.12, section 3d of the Texas Code of Criminal Procedure was the state equivalent of the Federal Youth Corrections Act or the federal first offender statute. The immigration judge further commented on the fact that, following the order for a new trial, the trial judge again found that the evidence substantiated the respondent's guilt, placed him on probation for 10 years, and ordered him to pay a fine of $1,000. The immigration judge concluded that the action of the trial court did not constitute an expunction or vacation of the respondent's conviction since the same penalties had been imposed and the respondent remained subject to arrest and detention upon violation of probation. He therefore determined that the respondent had been convicted of illicit possession of marihuana and that he was consequently deportable under section 241(a)(11) of the Act.

On appeal the respondent argues that he was deprived of a fair hearing because the Service failed to amend the allegations of the Order to Show Cause to reflect the state court's disposition upon new trial. He claims that he was not given an opportunity to request additional time in which to respond to the Service's position on the court's new order, in violation of 8 C.F.R. § 242.16(d) (1984). The respondent further contends that the immigration judge erred in finding him deportable as an alien convicted of a marihuana offense. He asserts that Article 42.12, section 3d of the Texas Code of Criminal Procedure is not an expunction statute but is akin to the Georgia statute analyzed by the Board in *Matter of Seda*, 17 I&N Dec. 550 (BIA 1980). The respondent therefore asserts that no conviction exists upon which he can be found deportable.

In *Matter of Seda* we examined the Georgia first offender statute and determined that a person sentenced under a statute which provides for withholding of adjudication of guilt by the court and discharge without conviction upon successful completion of probation is not considered to be "convicted" for immigration purposes. In so holding, we noted our long-standing position that a conviction

_____

miss the proceedings against the defendant and discharge him. The court may dismiss the proceedings and discharge the defendant prior to the expiration of the term of probation if in its opinion the best interest of society and the defendant will be served. A dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense except that upon conviction of a subsequent offense, the fact that the defendant had previously received probation shall be admissible before the court or jury to be considered on the issue of penalty.
Tex. Code Crim. Proc. Ann. art. 42.12, sec. 3d (Vernon 1983).

exists for immigration purposes when the following elements are present: (1) There has been a judicial finding of guilt; (2) the court takes action which removes the case from the category of those which are (actually or in theory) pending for consideration by the court—the court orders the defendant fined or incarcerated, or the court suspends sentence; (3) the action of the court is considered a conviction by the state for at least some purpose. *See also Matter of Robinson*, 16 I&N Dec. 762 (BIA 1979); *Matter of Varagianis*, 16 I&N Dec. 48 (BIA 1976); *Matter of Pikkarainen*, 10 I&N Dec. 401 (BIA 1963); *Matter of L–R–*, 8 I&N Dec. 269 (BIA 1959).

Although *Seda* involved a first offender statute, we find the rationale of our holding in that case relevant to the statute at issue despite its applicability to all criminal offenders. Prior to the decision in *Seda*, our inquiry into state laws was limited to determining whether the statute in question was the state counterpart to the federal first offender statute. *See Matter of Kaneda*, 16 I&N Dec. 677 (BIA 1979); *Matter of Haddad*, 16 I&N Dec. 253 (BIA 1977); *Matter of Werk*, 16 I&N Dec. 234 (BIA 1977). Our primary focus was on the fact that, in passing the federal first offender statute, Congress had expressed an intention to eliminate the stigma of a conviction on first offenders in order to give them a second opportunity to live as law-abiding members of society. Applying this policy consideration to an immigration context, we determined that first offenders should also be exempt from deportation despite their conviction for a narcotics offense.[3]

Upon further examination in *Seda* of state and federal first offender statutes, we concluded that an offender sentenced under those statutes was never in fact convicted, so no expunction was necessary. Our determination was based on analysis of the terms of the statutes and our established standards for conviction. The decision was one of law, independent of the policy considerations previously deemed critical in determining whether elimination of a nar-

---

[3] We first concluded in *Matter of Werk, supra,* that an alien sentenced under the federal first offender statute should not be subject to deportation for a narcotics violation. Our decision was based on a Service memorandum in which the first offender statute was equated with the Federal Youth Corrections Act. We had previously determined that expunction of a narcotics conviction pursuant to that act or an equivalent state statute should eliminate the conviction as a basis for deportation. *See Matter of Andrade*, 14 I&N Dec. 651 (BIA 1974); *Matter of Zingis*, 14 I&N Dec. 621 (BIA 1974). In reaching that conclusion, we acknowledged the congressional policy to deport narcotics offenders but found that the desire expressed by Congress to rehabilitate youthful offenders was equal in importance and would be thwarted by deporting alien youth offenders. *Matter of Zingis, supra; see also Matter of A–F–,* 8 I&N Dec. 429 (BIA, A.G. 1959).

cotics conviction for deportation purposes was appropriate.[4] Consequently, we conclude that the *Seda* rationale is not limited to first offender statutes. We shall therefore examine the Texas law at issue in the context of that case.

As in the Georgia first offender statute, Article 42.12, section 3d of the Texas Code of Criminal Procedure provides for withholding of adjudication of guilt and deferral of the criminal proceedings during a period of probation. According to the statute, the court dismisses the proceedings and discharges the defendant at the expiration of his probationary period. The statute further specifies that such dismissal and discharge may not be deemed a conviction for the purpose of disabilities imposed by law for conviction of an offense.

Interpreting these provisions, the Court of Criminal Appeals of Texas has determined that a trial judge's action in deferring the proceedings without entering an adjudication of guilt does not constitute a conviction under Texas law because an adjudication of guilt is essential to a conviction. *Ex parte Shillings*, 641 S.W.2d 538 (Tex. Crim. App. 1982); *McNew* v. *State*, 608 S.W.2d 166 (Tex. Crim. App. 1978). This assessment comports with our own standards for conviction which require a judicial finding of guilt. Inasmuch as Texas law clearly precludes a conviction where there is no adjudication of guilt and our decisions are in accord, we find that an alien sentenced to probation under Article 42.12, section 3d of the Texas Code of Criminal Procedure has not been convicted for immigration purposes.

Finally, we note the apparent concern of the immigration judge regarding the propriety of the trial court's grant of a new trial which resulted in the imposition of the same penalties. Inasmuch as there has been no affirmative showing that the trial judge lacked authority under Texas law to order a new trial and place the respondent on probation under Article 42.12, section 3d, we shall not question his jurisdiction to so act. *See Matter of Kaneda, supra; Matter of Sirhan*, 13 I&N Dec. 592 (BIA 1970); *Matter of O'Sullivan*, 10 I&N Dec. 320 (BIA 1963).

Although we need not fully address the respondent's other argument on appeal in view of our finding that he was not convicted,

---

[4] In subsequent cases where we have found that a narcotics conviction was not eliminated for immigration purposes, we also noted the fact that the statute in question did not limit its applicability to first offenders or youthful offenders. *See Matter of Carrillo*, 19 I&N Dec. 77 (BIA 1984); *Matter of Forstner*, 18 I&N Dec. 374 (BIA 1983); *Matter of Golshan*, 18 I&N Dec. 92 (BIA 1981). We do not find that factor to be controlling here, however, because each of the statutes examined in those cases clearly involved expunction procedures.

we find it to be without merit. Accordingly, the respondent's appeal will be sustained and the decision of the immigration judge will be reversed.

ORDER: The appeal is sustained and the decision of the immigration judge is reversed.

FURTHER ORDER: These deportation proceedings are terminated.