# In re Flavio Eduardo MANRIQUE, Respondent

File A26 446 213 - New Orleans

*Decided May 19, 1995*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

As a matter of policy in cases dealing with drug-related convictions under state law, any alien who has been accorded rehabilitative treatment pursuant to a state statute will not be deported if he establishes that he would have been eligible for federal first offender treatment under the provisions of 18 U.S.C. § 3607(a) (1988) had he been prosecuted under federal law. *Matter of Deris,* 20 I&N Dec. 5 (BIA 1989); *Matter of Garcia*, 19 I&N Dec. 270 (BIA 1985); *Matter of Carrillo,* 19 I&N Dec. 77 (BIA 1984); *Matter of Forstner*, 18 I&N Dec. 374 (BIA 1983); *Matter of Golshan,* 18 I&N Dec. 92 (BIA 1981); *Matter of Kaneda*, 16 I&N Dec. 677 (BIA 1979); *Matter of Haddad,* 16 I&N Dec. 253 (BIA 1977); and *Matter of Werk,* 16 I&N Dec. 234 (BIA 1977), modified.

FOR RESPONDENT: Jeri Ann H. Flynn, Baton Rouge, Louisiana

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Jim Reynolds, Appellate Counsel

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA and HEILMAN, Board Members; HOLMES, Alternate Board Member

DUNNE, Vice Chairman:

In a decision dated August 9, 1990, the Immigration Judge found the respondent deportable under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11) (1988),[1] as an alien convicted of a controlled substance violation, and ordered him deported from the United States. The respondent has appealed from that decision. The appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings.

[1] This section of the Act has been revised and redesignated as section 241(a)(2)(B)(i) of the Act, 8 U.S.C.§ 1251(a)(2)(B)(i) (Supp. V 1993), by section 602(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5080, but that amendment does not apply to deportation proceedings for which notice has been provided to the alien before March 1, 1991. *See* section 602(d) of the Immigration Act of 1990, 104 Stat. at 5082.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The respondent is a 31-year-old native and citizen of Venezuela who was paroled into the United States on August 30, 1984, and became a lawful permanent resident on April 18, 1985. The record reflects that on June 20, 1988, he pled guilty in the 24th Judicial District Court of the State of Louisiana, in and for the Parish of Jefferson, to possession of cocaine. The court accepted the plea as voluntary and intelligent and, pursuant to Louisiana Revised Statutes § 40:983,[2] sentenced the respondent to 5 years of probation, with special conditions that he pay various fees and a fine of $5,000.

At deportation proceedings the respondent asserted that his guilty plea did not result in a conviction for immigration purposes. The Immigration Judge rejected the respondent's arguments.

Initially, the Immigration Judge found that section 40:983 was not equivalent to the federal first offender statute because it did not § 40:983,[3] sentenced

_____

[2] At that time the statute provided as follows:

Whenever any person who has not previously been convicted of any offense under this part pleads guilty to or is convicted of having violated R.S. 40:966(C), R.S. 40:967(C), R.S. 40:968(C), R.S. 40:969(C), R.S. 40:970(C) of this part, and when it appears that the best interests of the public and of the defendant will be served, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required.

Upon the defendant's violation of any of the terms or conditions of his probation, the court may enter an adjudication of guilt and impose sentence upon such person.

Upon fulfillment of the terms and conditions of probation imposed in accordance with this section, the court shall discharge such person and dismiss the proceedings against him.

Discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under R.S. 40:982.

Discharge and dismissal under this section may occur only once with respect to any person.

La. Rev. Stat. Ann. § 40:983 (West 1977).

[3] At that time the statute provided as follows:

Whenever any person who has not previously been convicted of any offense under this part pleads guilty to or is convicted of having violated R.S. 40:966(C), R.S. 40:967(C), R.S. 40:968(C), R.S. 40:969(C), R.S. 40:970(C) of this part, and when it appears that the best interests of the public and of the defendant will be served, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required.

Upon the defendant's violation of any of the terms or conditions of his probation, the court may enter an adjudication of guilt and impose sentence upon such person.

Upon fulfillment of the terms and conditions of probation imposed in accordance with this section, the court shall discharge such person and dismiss the proceedings against him.

Discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under R.S. 40:982.

the respondent to 5 years of probation, with special conditions that he pay various fees and a fine of $5,000.

At deportation proceedings the respondent asserted that his guilty plea did not result in a conviction for immigration purposes. The Immigration Judge rejected the respondent's arguments.

Initially, the Immigration Judge found that section 40:983 was not equivalent to the federal first offender statute because it did not contain the same restriction as 18 U.S.C. § 3607(a) (1988), which is available only to persons not previously convicted of violating *any federal or state law* relating to controlled substances.[4] He further concluded that the respondent had been convicted under the standard set forth in *Matter of Ozkok,* 19 I&N Dec. 546 (BIA

---

Discharge and dismissal under this section may occur only once with respect to any person.

La. Rev. Stat. Ann. § 40:983 (West 1977).

[4] The federal first offender statute at 18 U.S.C. § 3607 (1988) provides as follows:

(a) PRE-JUDGMENT PROBATION.-If a person found guilty of an offense described in section 404 of the Controlled Substances Act (21 U.S.C. 844)-

(1) has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances; and

(2) has not previously been the subject of a disposition under this subsection;

the court may, with the consent of such person, place him on probation for a term of not more than one year without entering a judgment of conviction. At any time before the expiration of the term of probation, if the person has not violated a condition of his probation, the court may, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. At the expiration of the term of probation, if the person has not violated a condition of his probation, the court shall, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. If the person violates a condition of his probation, the court shall proceed in accordance with the provisions of section 3565.

(b) RECORD OF DISPOSITION.-A nonpublic record of a disposition under subsection (a), or a conviction that is the subject of an expungement order under subsection (c), shall be retained by the Department of Justice solely for the purpose of use by the courts in determining in any subsequent proceeding whether a person qualifies for the disposition provided in subsection (a) or the expungement provided in subsection (c). A disposition under subsection (a), or a conviction that is the subject of an expungement order under subsection (c), shall not be considered a conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, or for any other purpose.

(c) EXPUNGEMENT OF RECORD DISPOSITION.-If the case against a person found guilty of an offense under section 404 of the Controlled Substances Act (21 U.S.C. 844) is the subject of a disposition under subsection (a), and the person was less than twenty-one years old at the time of the offense, the court shall enter an expungement order upon the application of such person. The expungement order shall direct that there be expunged of all official records, except the nonpublic records referred to in subsection (b), all references to his arrest for the offense, the institution of criminal proceedings against him, and the results thereof. The effect of the order shall be to restore such person, in the contemplation of the law, to the status he occupied before such arrest or institution of criminal proceedings. A person concerning whom such an order has been entered shall not be held thereafter under any provision of law to be guilty of perjury, false swearing, or making a false statement by reason of his failure to recite or acknowledge results thereof, in response to an inquiry made of him for any purpose.

1988), because section 40:983 provides that upon a violation of probation by the respondent, the court could enter an adjudication of guilt and impose sentence. Finally, the Immigration Judge found no merit to the respondent's contention that his conviction was not final due to a possibility of appeal if he violated his probation, noting that the respondent specifically waived any right to appeal when he pled guilty.

## II. ISSUE ON APPEAL

The issue on appeal in this case is whether an alien whose conviction has been set aside pursuant to a state statute that is not equivalent to the Federal First Offender Act ("FFOA") should be deported if he would have been eligible for first offender treatment had he been prosecuted under federal law. For the reasons set forth below, we conclude that such an alien is not deportable.

## III. EXAMINATION OF CURRENT FIRST OFFENDER TREATMENT

### A. The Board's Rule in *Matter of Deris*

In determining whether an alien claiming to have received first offender treatment in a state court has been convicted for immigration purposes, our inquiry has been focused on whether the provisions of the state statute are comparable to the FFOA, such that it can be considered a state "equivalent" or "counterpart" to the federal statute. *See Matter of Deris,* 20 I&N Dec. 5 (BIA 1989); see also *Matter of Carrillo*, 19 I&N Dec. 77 (BIA 1984); *Matter of Forstner,* 18 I&N Dec. 374 (BIA 1983); *Matter of Golshan*, 18 I&N Dec. 92 (BIA 1981); *Matter of Kaneda,* 16 I&N Dec. 677 (BIA 1979); *Matter of Haddad,* 16 I&N Dec. 253 (BIA 1977); *Matter of Werk,* 16 I&N Dec. 234 (BIA 1977). In *Matter of Deris,* we narrowly interpreted the terms "equivalent" and "counterpart," holding that if a state statute was broader in scope than the FFOA, it would not be considered a counterpart to the federal statute.

### B. The Ninth Circuit's Rule in *Garberding v. INS*

Our decision in *Deris* has recently been criticized by the United States Court of Appeals for the Ninth Circuit in *Garberding v. INS,* 30 F.3d 1187 (9th Cir. 1994). In that case, the court agreed that the Montana statutes under which the alien's conviction had been expunged were not a state counterpart to the FFOA. However, noting that the FFOA and the Montana statutes both contain expungement provisions,[5] the court found that the alien would have

---

[5] We note that the expungement provisions of 18 U.S.C. § 3607(c) (1988), under which the person must have been under 21 years of age at the time of the offense, are separate from and in addition to the requirements for dismissal of the proceedings of a first offender under § 3607(a). Consequently, the criminal record of a federal offender is expunged under § 3607 only if the person received first offender treatment and was under 21 when he committed the crime.

been eligible for first offender treatment under the FFOA or an "exact counterpart" under state law due to the first-time nature of her conviction for simple possession of a controlled substance. *Id*. at 1190-91. Therefore the *Garberding* court found no rational basis for treating the alien there differently from one whose drug possession "conviction" was "expunged" under a state statute considered to be an exact counterpart to the federal statute.[6]

The Ninth Circuit further clarified the position taken in *Garberding* in a case which involved the effect that should be given in immigration proceedings to the expungement provisions of the California pretrial diversion program. *Paredes-Urrestarazu v. INS*, 36 F.3d 801 (9th Cir. 1994). The court concluded there that the interest in uniform implementation of the immigration laws does provide a rational basis for not giving effect to a state expunging procedure where the conviction in question was one that would *not* have been expunged under the FFOA. *Id*. at 815.

In light of these cases we have reexamined our position on this issue and conclude that a new approach to the treatment of first offenders under the immigration laws is warranted. We note that for the purpose of this case we are dealing exclusively with our policy as it relates to drug offenses.

## IV. POLICY CONSIDERATIONS

As the Ninth Circuit acknowledged in *Garberding v. INS, supra*, the Attorney General enunciated the now well-established rule in *Matter of A-F-,* 8 I&N Dec. 429, 445-46 (BIA, A.G. 1956), that Congress did not intend to permit an expunged state drug conviction to be eliminated for immigration purposes. The courts of appeals subsequently agreed that an alien cannot escape deportation by such a technical erasure of his conviction. *See Kolios v. INS*, 532 F.2d 786 (1st Cir.), *cert. denied,* 429 U.S. 884 (1976); *Gonzalez de Lara v. United States,* 439 F.2d 1316 (5th Cir. 1971); *de la Cruz-Martinez v. INS,* 404 F.2d 1198 (9th Cir. 1968), *cert. denied*, 394 U.S. 955 (1969); *Garcia-Gonzales v. INS,* 344 F.2d 804 (9th Cir.), *cert. denied,* 382 U.S. 840 (1965).

However, an exception to this rule was created by the First Circuit in *Mestre Morera v. United States INS,* 462 F.2d 1030 (1st Cir. 1972). In that case the court noted the congressional concern expressed in the Federal Youth Corrections Act to afford juvenile offenders an opportunity to atone for their youthful indiscretions.[7] Concluding that this concern was as

---

[6] We note that each of the state statutes we have considered to be counterparts to the FFOA provides for deferral of the proceedings without adjudication of guilt and states that dismissal of the proceedings thereunder is not considered to be a conviction. *See Matter of Kaneda, supra; Matter of Haddad, supra; Matter of Werk, supra.*

[7] The Federal Youth Corrections Act, which was codified at 18 U.S.C. §§ 5005-5026, was repealed by the Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, Title II, §§ 218(a)(8), 235(a)(1)(A), 98 Stat. 1837, 2027, 2031 (effective Oct. 12, 1984).

important as the policy to deport drug violators and finding that deportation would thwart the congressional policy toward youth offenders, the court set aside the order of deportation.

The Board agreed with the First Circuit's analysis and held in *Matter of Zingis,* 14 I&N Dec. 621 (BIA 1974), that a conviction set aside pursuant to the Federal Youth Corrections Act could not provide a basis for deportation. Subsequently, upon a motion by the Immigration and Naturalization Service, the Board extended this rule to drug violators who had been treated as youth offenders under state laws in *Matter of Andrade,* 14 I&N Dec. 651 (BIA 1974). The Service motion in *Andrade* was based on a recommendation of the Solicitor General that the Service should not seek deportation on the basis of a youth offender's state conviction which had been expunged or set aside pursuant to a law comparable to the Federal Youth Corrections Act, "if the youth offender upon conviction could have obtained expungement under the federal law if he had been subjected to federal prosecution." *Id.* at 659.

When a similar issue arose regarding the deportability of aliens accorded first offender treatment under state statutes, the Service submitted a memorandum in which it noted the policy relating to aliens whose drug convictions had been expunged pursuant to the Federal Youth Corrections Act and its state counterparts, and it concluded that the FFOA "is for first offenders the equivalent of the Federal Youth Corrections Act." *Matter of Werk, supra*, at 235. The Service therefore took the position that an alien processed under the FFOA is not subject to deportation, nor is one "convicted under a state counterpart" to that statute. *Id.* The Board concurred with this policy, concluding that "a conviction that has been expunged under a state law which is the counterpart of [the FFOA] may not be used as a basis for deportability under section 241(a)(11)." *Id.* at 236; *see also Matter of Kaneda, supra; Matter of Haddad, supra*.[8]

It is clear that the policy not to deport aliens treated as first offenders or youth offenders under state laws stems from the Solicitor General's recommendation in *Matter of Andrade, supra,* that this leniency should be extended equally to any alien drug offender who could have obtained the same treatment under federal law if he had been subject to federal rather than state prosecution. *See also Rehman v. INS,* 544 F.2d 71 (2d Cir. 1976). The Ninth Circuit has agreed that the appropriate focus in this regard should be on the

---

[8] Although both the Service and the Board referred to the procedure followed under the first offender statutes in these cases as "expungement" of a "conviction," we subsequently concluded in *Matter of Seda,* 17 I&N Dec. 550 (BIA 1980), *overruled in part, Matter of Ozkok,* 19 I&N Dec. 546 (BIA 1988), that a person sentenced under a statute providing for withholding of adjudication and discharge without conviction upon completion of probation was not "convicted" for immigration purposes under the standard for conviction then in effect. However, we revised that standard in *Matter of Ozkok, supra*, and would now consider a person "convicted" under the statutes in those cases, but for the policy of leniency toward first offenders.

alien's conduct, rather than on the breadth of the state rehabilitative statute. *Garberding v. INS, supra,* at 1191. However, the court also recognized that it is proper to refuse to give effect to a state statute to the extent that an expungement under state law would not have been available under the FFOA. *Paredes-Urrestarazu v. United States INS, supra,* at 815.

In the interest of uniform and fair application of the immigration laws and in accordance with the principles set forth by the Solicitor General and the courts, we now hold that an alien who has been accorded rehabilitative treatment under a state statute will not be deported if he establishes that he would have been eligible for federal first offender treatment under the provisions of 18 U.S.C. § 3607(a) (1988) had he been prosecuted under federal law. Therefore, to the extent that the following cases are inconsistent with this holding, they are hereby modified: *Matter of Deris, supra; Matter of Garcia,* 19 I&N Dec. 270 (BIA 1985); *Matter of Carrillo, supra; Matter of Forstner, supra; Matter of Golshan, supra; Matter of Kaneda, supra; Matter of Haddad, supra; and Matter of Werk, supra.*

## V. NEW REQUIREMENTS FOR FIRST OFFENDER TREATMENT UNDER THE IMMIGRATION LAWS

According to the provisions of 18 U.S.C. § 3607(a) (1988), a person is eligible for pre-judgment probation if (1) he is "found guilty of an offense described in section 404 of the Controlled Substances Act (21 U.S.C. § 844)," i.e., simple possession of a controlled substance; (2) he has not, "prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances"; and (3) he has not "previously been the subject of a disposition under [the statute]." Once these prerequisites are met, the court can place the person on probation, and if no condition of probation is violated, the proceedings against the person are subsequently dismissed. 18 U.S.C. § 3607 (1988).

To accord equal treatment to aliens subject to state law, these requirements must be extrapolated to apply to the various versions of state rehabilitative provisions. Therefore, the policy of leniency in immigration proceedings shown to aliens subject to treatment under 18 U.S.C. § 3607(a) (1988) will be extended to aliens prosecuted under state law who establish the following criteria:

1. The alien is a first offender, i.e., he has not previously been convicted of violating any federal or state law relating to controlled substances.

2. The alien has pled to or been found guilty of the offense of simple possession of a controlled substance.

3. The alien has not previously been accorded first offender treatment under any law.

4. The court has entered an order pursuant to a state rehabilitative statute under which the alien's criminal proceedings have been deferred pending successful completion of probation or the proceedings have been or will be dismissed after probation.

## VI.  APPLICATION OF NEW REQUIREMENTS TO THIS CASE

Inasmuch as the record does not clearly establish that the respondent is eligible for first offender treatment under these requirements, the record must be remanded to the Immigration Judge for further inquiry in accordance with the standard set forth above.  Accordingly, the appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings and for the entry of a new decision.

In view of our decision in this case we need not address the other arguments presented by the respondent on appeal.

**ORDER:**      The appeal is sustained and the decision of the Immigration Judge is reversed.

**FURTHER ORDER:**      The record is remanded to the Immigration Judge for further proceedings consistent with this decision.