IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-60469
Summary Calendar

ELIZABETH HERNANDEZ DE ANGUIANO

Petitioner

v.

MICHAEL B. MUKASEY, U. S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A42 913 514

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Elizabeth Hernandez De Anguiano seeks review of an order by the Board of Immigration Appeals (BIA) finding her removable because her conviction for possessing marijuana in violation of Texas Health & Safety Code § 481.121(b)(4), constituted both a controlled substance violation and a conviction for an aggravated felony. See 8 U.S.C. § 1227(a)(2)(A)(iii), (a)(2)(B)(i). De Anguiano argues that the BIA erred when it found her removable both as an aggravated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felon and as an alien convicted of a controlled substance violation. De Anguiano challenges the BIA's denial of her request to terminate her removal proceedings pursuant to In re Manrique, 21 I & N. Dec. 58 (BIA 1995). She contends that the BIA's denial of that request violated her rights under both the Equal Protection and Due Process Clauses. Finally, De Anguiano contends that the BIA's opinion should be vacated and her case remanded so that she may seek cancellation of removal pursuant to 8 U.S.C. § 1229b(a). [1]

We have no jurisdiction to review removal orders based on an alien's commission of an aggravated felony or to review challenges to discretionary denials of relief under § 1229b. 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(C). However, we retain jurisdiction to consider in a petition for review constitutional claims and questions of law such as whether an alien's prior offense qualifies as an aggravated felony. § 1252(a)(2)(D); Patel v. Mukasey, 526 F.3d 800, 802 (5th Cir. 2008). We also retain jurisdiction to consider an alien's statutory eligibility for discretionary relief. Bravo v. Ashcroft, 341 F.3d 590, 592 (5th Cir. 2003).

The BIA erred when it found De Anguiano removable as an aggravated felon as that term is defined for immigration purposes in 8 U.S.C. § 1101(a)(43)(B). De Anguiano's state possession offense did not involve illicit trafficking in a controlled substance and cannot be considered a drug trafficking crime under § 924(c)(2) because the conduct is not punishable as a felony under the Controlled Substances Act. See 21 U.S.C. § 844(a); Lopez v. Gonzales, 127 S. Ct. 625, 629-33 (2006); Arce-Vences v. Mukasey, 512 F.3d 167, 170-71 (5th Cir. 2007).

We lack jurisdiction to consider De Anguiano's claims that the BIA erred in finding that she was removable as an alien convicted of a drug trafficking

---

[1] De Anguiano's argument that the BIA's order of removal violates international law and treaty obligations between the United States and Mexico is deemed waived as inadequately briefed. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

offense. De Anguiano failed to exhaust her administrative remedies by raising those claims before the BIA. Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004).

De Anguiano has not shown that the BIA erred in determining that her removal proceedings could not be terminated pursuant to In re Manrique because the policy exception to removal in that case had been superceded by the enactment of § 1101(a)(48)(A). See Madriz-Alvarado v. Ashcroft, 383 F.3d 321, 331 (5th Cir. 2004). Nor has De Anguiano shown that the BIA's decision to deny her that relief violated her rights under the Constitution. Salazar-Regino v. Trominski, 415 F.3d 436, 452 (5th Cir. 2005), vacated on other grounds, Salazar-Regino v. Moore, 127 S. Ct. 827 (2006); Madriz-Alvarado, 383 F.3d at 332; Moosa v. INS, 171 F.3d 994, 1001-02 (5th Cir. 1999); Anetekhai v. INS, 876 F.2d 1218,1222 (5th Cir. 1989).

Finally, De Anguiano has not shown that she would have been statutorily eligible for cancellation of removal if she had not been erroneously classified as an aggravated felon. De Anguiano does not meet the eligibility requirements for cancellation of removal because she did not reside in the United States continuously for seven years after having been admitted in any status. § 1229b(a)(2). Remand is not necessary in this case.

The petition for review is DENIED.