## MATTER OF WERK

### In Deportation Proceedings

### A–11674985

*Decided by Board May 26, 1977*

(1) Deportation proceedings were brought against respondent under section 241(a)(11) of the Immigration and Nationality Act for conviction of a violation of section 161.30(12)(a) of the Wisconsin State Statutes. This conviction was subsequently vacated nunc pro tunc as of the date of conviction and the respondent was discharged and the proceedings against him were dismissed under 384 Wisconsin Statutes Section 161.30(12)(i), Laws of 1969.

(2) 384 Wisconsin Statutes Section 161.30(12)(i), Laws of 1969 was repealed and replaced by Wis. Stat. Section 161.47(1) which then became the Wisconsin provision for first offenders. It is similar to section 407 of the Uniform Controlled Substances Act, and is considered by the Service to be a State counterpart of 21 U.S.C. 844(b)(1).

(3) A conviction which has been expunged under the first offender provisions of 21 U.S.C. 844(b)(1) may not be used as a basis for deportability under section 241(a)(11) of the Act. A conviction which has been expunged under a state law which is the counterpart of 21 U.S.C. 844 (b)(1) may not be used as a basis for deportability under section 241(a)(11). In fairness to respondent, his conviction will be considered to have been expunged under the new first-offender statute and the proceedings will be terminated as improvidently begun.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—After entry convicted of a violation of any law or regulation relating to the illicit possession of, or traffic in, narcotic drugs or marihuana, to wit: illicit possession of marihuana, in violation of Section 161.30(12)(a) of the Wisconsin State Statutes

ON BEHALF OF RESPONDENT:   Todd J. Mitchell, Esquire
Mitchell & Noonan S.C.
2631 North Downer Avenue
Milwaukee, Wisconsin 53211

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

This is an appeal from the January 5, 1976, decision of the immigration judge, made after the proceedings were reopened, pursuant to our Order of December 27, 1973, so that the immigration judge could consider the new evidence that the respondent's conviction of possession of marihuana had been vacated under Wisconsin law. The immigration

judge once again found that the respondent was deportable as charged, and ordered his deportation to Germany. The appeal will be sustained and the proceedings terminated.

The alien respondent, a native and citizen of Germany, was born on May 1, 1954. He was admitted to the United States as a lawful permanent resident on July 21, 1960, at the age of six, and has lived here since that time. He was convicted under Wisconsin law for possession of marijuana on October 27, 1972, when he was 18 years old. He was subsequently held in deportation proceedings and found deportable under section 241(a)(11) of the Immigration and Nationality Act. His conviction was thereafter vacated *nunc pro tunc* as of the date of conviction; the respondent was discharged, and the proceedings against him were dismissed under 384 Wisconsin Statutes Section 161.30(12)(i), Laws of 1969. See Appendix A.

The question raised by this case is whether, after discharge and dismissal under the above state statute, the respondent can be considered to have been convicted of an offense for which he may be deported under section 241(a)(11) of the Act.

We have requested comment from the Immigration and Naturalization Service on its position. A Service memorandum, responding to our request, is set out below.

.   .   .   .

Under present case law, the only expungements of narcotics and marihuana convictions which will relieve an alien from deportation are those obtained under the Federal Youth Corrections Act (18 U.S.C. 5010, et seq.) and its state counterparts. *Matter of Andrade*, I.D. 2276 (BIA 1974); *Matter of Berker*, I.D. 2511 (BIA 1976).

21 U.S.C. 844(b)(1) is for first offenders the equivalent of the Federal Youth Corrections Act. The legislative history indicates that discharge and dismissal under that section shall not be deemed conviction of a crime. H.R. Rep. No. 91-1444, 91st Cong., 2d Sess., 1970 U.S. Code Cong. & Admin. News 4566, at 4616. It is the position of the Service that an alien processed under 21 U.S.C. 844(b)(1) is not subject to deportation. The Service is also of the view that an alien convicted under a state counterpart to 21 U.S.C. 844(b)(1) is not subject to deportation. The question presented by this case is whether the state statute under which the respondent was treated is such a counterpart. The present Wisconsin provision for first offenders is Wis. Stat. Section 161.47(1), which became effective October 1, 1972. This section is similar to section 407 of the Uniform Controlled Substances Act and is considered by the Service to be a state counterpart of 21 U.S.C. 844(b)(1).

The respondent, however, had his conviction expunged under a prior enactment, Wis. Stat. section 161.30(12)(i) (1969), which has since been repealed. It is not clear whether this enactment can be considered a state counterpart of 21 U.S.C. 844(b)(1), since unlike the federal and present Wisconsin provisions, it does not expressly preclude application of the more severe penalties for repeat offenders. A search of the Wisconsin case law sheds no light on the question of whether persons treated under section 161.30(12)(i) are subject to repeat offender treatment.

Nevertheless, it is the Service position that rather than try to determine the niceties of the prior Wisconsin law, the Service should, in order to be fair, give this respondent the

235

same treatment as an alien whose conviction was expunged under the present version of the Wisconsin first offender statute. In arriving at this position, the Service is mindful that the respondent has been a lawful permanent resident of the United States since he was six years old. Therefore, in view of the circumstances of this case, the Service moves that deportation proceedings against the respondent be terminated as improvidently begun. The record of Proceedings is returned herewith.

We agree with the Immigration and Naturalization Service's analysis of the legal issues involved. Hence, we hold that a conviction which has been expunged under the first offender provisions of 21 U.S.C. 844(b)(1) (see Appendix B) may not be used as a basis for deportability under section 241(a)(11) of the Act. Similarly, a conviction which has been expunged under a state law which is the counterpart of 21 U.S.C. 844(b)(1) may not be used as a basis for deportability under section 241(a)(11).

Moreover, in light of the Service's position with respect to this case, we shall grant its motion to terminate the proceedings against the respondent as improvidently begun.

**ORDER:** The immigration judge's decision of January 5, 1976, is vacated, and the proceedings are terminated.

# APPENDIX A

Wisconsin State Statutes Section 161.30(12)(i) (1969) (repealed).

Whenever any person who has not previously been convicted of any offense under this chapter or under any statute of the United States or of any other state relating to dangerous drugs or narcotics, pleads guilty to or is found guilty of possession or use or gift of marijuana under this section the court may, without entering judgment and with the consent of such person, defer further proceedings and place him on probation under ch. 57. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed to sentence the defendant. Upon fulfillment of the terms and conditions, the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal under this subsection shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a felony or misdemeanor. Discharge and dismissal under this subsection may occur only once with respect to any person.

# APPENDIX B

21 United States Code 844(b)(1).

If any person who has not previously been convicted of violating subsection (a) of this section, any other provision of this subchapter or subchapter II of this chapter, or any other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, is found guilty of a violation of subsection (a) of this section after trial or upon a plea of guilty, the court may, without entering a judgment of guilty and with the consent of such person, defer further proceedings and place him on probation

upon such reasonable conditions as it may require and for such period, not to exceed one year, as the court may prescribe. Upon violation of a condition of the probation, the court may enter an adjudication of guilt and proceed as otherwise provided. The court may, in its discretion, dismiss the proceedings against such person and discharge him from probation before the expiration of the maximum period prescribed for such person's probation. If during the period of his probation such person does not violate any of the conditions of the probation, then upon expiration of such period the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal under this subsection shall be without court adjudication of guilt, but a nonpublic record thereof shall be retained by the Department of Justice solely for the purpose of use by the courts in determining whether or not, in subsequent proceedings, such person qualifies under this subsection. Such discharge or dismissal shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime (including the penalties prescribed under this part for second or subsequent convictions) or for any other purpose. Discharge and dismissal under this section may occur only once with respect to any person.