# MATTER OF DERIS

## In Deportation Proceedings

## A-19575373

*Decided by Board April 19, 1989*

For immigration purposes, the Maryland first offender statute, Article 27, section 292 of the Annotated Code of Maryland, which offers favorable treatment to anyone committing his first drug violation regardless of the nature and severity of the offense, is not a counterpart to the federal first offender statute, which is limited in its application to simple possession of a controlled substance; hence, the respondent in deportation proceedings may properly be found deportable for having been convicted by a Maryland state court of a drug violation.

CHARGE:

Order: Act of 1952—Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of narcotics violation

ON BEHALF OF RESPONDENT:
Melvin J. Kodenski, Esquire
Victoria A. Steffen, Esquire
209-211 E. Fayette Street
Baltimore, Maryland 21202

ON BEHALF OF SERVICE:
Craig De Bernardis
General Attorney

David M. Dixon
Appellate Counsel

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated September 13, 1985, the immigration judge terminated these deportation proceedings against the respondent. On October 18, 1985, the decision was certified to the Board for our review. The decision of the immigration judge will be reversed and the record will be remanded for further proceedings.

The respondent is a 35-year-old native and citizen of Greece who entered the United States as a nonimmigrant student on December 20, 1974, with authorization to remain until December 19, 1975. His status was subsequently adjusted to that of a lawful permanent resident on May 14, 1976. The record reflects that the respondent pleaded guilty on September 26, 1979, in the Criminal Court of

Baltimore, Maryland, to possession of cocaine.[1] On November 13, 1979, the court sentenced the respondent to 2 years of incarceration, suspending 1 year and ordering supervised probation of 2 years. The respondent subsequently filed a motion for reduction or modification of sentence which was granted by the court on January 7, 1982.[2] The judge ordered that the judgment entered on November 13, 1979, on the respondent's plea of guilty and the court's verdict of guilty be stricken from the record. He then entered an order nunc pro tunc to November 13, 1979, staying judgment, deferring the proceedings, and placing the respondent on probation for 2 years pursuant to the provisions of Article 27, section 292 of the Annotated Code of Maryland.[3]

---

[1] The record of the respondent's criminal proceedings indicates that he was initially charged, in the District Court of Maryland for the city of Baltimore, with distribution of cocaine and conspiracy for the purpose of distributing cocaine. It appears that the conspiracy charge was subsequently nol-prossed by the Criminal Court of Baltimore, where the respondent pleaded guilty to a third count, possession of cocaine. It is unclear from the record how the court disposed of the distribution charge.

[2] In his order, the judge specifically stated that the purpose of the respondent's motion was to "facilitate his defense in deportation proceedings which have been filed against him." He further noted that a recommendation against deportation had previously been entered by the court with the understanding that it would be honored by the Immigration and Naturalization Service. In view of our disposition of this case we need not address the propriety of the court's action, which appears to have been for the sole purpose of circumventing the consequences under the immigration laws of a state narcotics conviction which had stood valid for more than 2 years.

[3] The statute in effect at that time provided in pertinent part:

(b) Whenever any person who has not previously been convicted of any offense under this subheading or under any prior law of this State or the laws of the United States or of any other state relating to controlled dangerous substances defined in this subheading, pleads guilty to or is found guilty of any of the offenses specified in this subheading, the court, if satisfied that the best interests of the person and the welfare of the people of this State would be served thereby may, with the consent of such person stay the entering of the judgment of guilt, defer further proceedings, and place such person on probation subject to such reasonable terms and conditions as may be appropriate and may in addition require that such person undergo inpatient or outpatient treatment for drug abuse. By consenting to and receiving a stay of entering of the judgment of guilt as provided by this subsection, the person waives all rights to appeal from the judgment of guilt by the court at any time. Prior to the person consenting to the stay of entering of the judgment of guilt, the court shall notify the person that by consenting to and receiving the stay of entry of judgment, he waives the right to appeal from the judgment of guilt by the court at any time. Upon violation of a term or condition, the court may enter a judgment of conviction and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal under this section shall be without a judgment of conviction and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by the law upon conviction of a crime including the additional penalties imposed for second or subsequent convictions under § 293 of this subheading. Discharge and dismissal

On June 11, 1980, the Immigration and Naturalization Service issued an Order to Show Cause and Notice of Hearing (Form I-221) charging the respondent with deportability under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11) (1976).[4] The respondent admitted the allegations against him but denied deportability, arguing that the Maryland law under which he was sentenced was the state counterpart to the federal first offender statute.[5] Thus, according to the respondent's contentions, he should not be

---

under this section may occur only once with respect to any person and in addition any public criminal record in any such case shall be expunged upon the satisfactory completion of any such period of probation. Any expunged arrest and/or conviction shall not thereafter be regarded as an arrest or conviction for purposes of employment, civil rights, or any statute or regulation or license or questionnaire or any other public or private purpose, provided that any such conviction shall continue to constitute an offense for purposes of this subheading or any other criminal statute under which the existence of a prior conviction is relevant.

Md. Ann. Code art. 27, § 292(b) (1982).

[4]The Order to Show Cause was subsequently cancelled and another was issued on August 14, 1984, to reflect the court's nunc pro tunc probation order of January 7, 1982.

[5]The federal first offender statute which was in effect at the time of the immigration judge's decision stated as follows in pertinent part:

(a) It shall be unlawful for any person knowingly or intentionally to possess a controlled substance....

(b)(1) If any person who has not previously been convicted of violating subsection (a) of this section, any other provision of this subchapter or subchapter II of this chapter, or any other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, is found guilty of a violation of subsection (a) of this section after trial or upon a plea of guilty, the court may, without entering a judgment of guilty and with the consent of such person, defer further proceedings and place him on probation upon such reasonable conditions as it may require and for such period, not to exceed one year, as the court may prescribe. Upon violation of a condition of the probation, the court may enter an adjudication of guilt and proceed as otherwise provided. The court may, in its discretion, dismiss the proceedings against such person and discharge him from probation before the expiration of the maximum period prescribed for such person's probation. If during the period of his probation such person does not violate any of the conditions of the probation, then upon expiration of such period the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal under this subsection shall be without court adjudication of guilt, but a nonpublic record thereof shall be retained by the Department of Justice solely for the purpose of use by the courts in determining whether or not, in subsequent proceedings, such person qualifies under this subsection. Such discharge or dismissal shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime (including the penalties prescribed under this part for second or subsequent convictions) or for any other purpose. Discharge and dismissal under this section may occur only once with respect to any person.

(2) Upon the dismissal of such person and discharge of the proceedings against him under paragraph (1) of this subsection, such person, if he was not over twenty-one years of age at the time of the offense, may apply to the court for an order to expunge

7

considered to have been convicted for immigration purposes under this Board's decisions in *Matter of Seda,* 17 I&N Dec. 550 (BIA 1980); *Matter of Kaneda,* 16 I&N Dec. 677 (BIA 1979); *Matter of Haddad,* 16 I&N Dec. 253 (BIA 1977); and *Matter of Werk,* 16 I&N Dec. 234 (BIA 1977).

The Service asserted its contrary position that Article 27, section 292 of the Annotated Code of Maryland does not constitute a state equivalent to the federal first offender statute. This view was based on the claimed distinction that a discharge without conviction under Maryland law is not complete inasmuch as that state statute provides that a conviction "shall continue to constitute an offense for purposes of this subheading or any other criminal statute under which the existence of a prior conviction is relevant."

The immigration judge rejected the Service's argument, finding that the federal statute also provided for retention of an offender's criminal records "for the purpose of use by the courts in determining whether or not, in subsequent proceedings, such person qualifies under this subsection." 21 U.S.C. § 844(b)(1) (1982). He stated that the Service had cited no circumstances in which a defendant sentenced under the Maryland statute would have his offense considered as a conviction while someone sentenced under the federal statute would not. The immigration judge further examined the Board's decisions regarding first offender treatment, noting that a state statute is a counterpart to the federal first offender statute if it is limited to a small class of offenders and complies with the congressional intent to give qualifying offenders a second opportunity to lead law-abiding lives without the stigma of a conviction. *Matter of Kaneda, supra.* Concluding that the Maryland statute met this standard, the immigration judge terminated these deportation proceedings. We disagree with the immigration judge's determination that Article 27, section 292 of the Annotated Code of Maryland is equivalent to the federal first offender statute.

We note at the outset that the federal first offender statute at 21 U.S.C. § 844(b) (1982), which was in effect at the time of the immigration judge's decision, was repealed by the Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, Title II, §§ 219(a), 235(a)(1), 98 Stat. 1837, 2027, 2031, *amended by* Pub. L. No. 99-217,

from all official records (other than the nonpublic records to be retained by the Department of Justice under paragraph (1)) all recordation relating to his arrest, indictment or information, trial, finding of guilty, and dismissal and discharge pursuant to this section. . . .
21 U.S.C. § 844 (1982). Subsections (b)(1) and (2) were subsequently repealed by the Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, Title II, §§ 219(a), 235(a)(1), 98 Stat. 1837, 2027, 2031, *amended by* Pub. L. No. 99-217, § 4, 99 Stat. 1728 (1985) (effective Nov. 1, 1987).

§ 4, 99 Stat. 1728 (1985) (effective Nov. 1, 1987). However, in the same act Congress reenacted a revised version of the first offender statute. Pub. L. No. 98-473, Title II, § 212(a)(2), 98 Stat. 2003 (1984) (effective Nov. 1, 1987) (codified at 18 U.S.C. § 3607 (Supp. IV 1986)). The new statute provides as follows:

(a) Pre-judgment probation.—If a person found guilty of an offense described in section 404 of the Controlled Substances Act (21 U.S.C. 844)—

(1) has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substance and

(2) has not previously been the subject of a disposition under this subsection;

the court may, with the consent of such person, place him on probation for a term of not more than one year without entering a judgment of conviction. At any time before the expiration of the term of probation, if the person has not violated a condition of his probation, the court may, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. At the expiration of the term of probation, if the person has not violated a condition of his probation, the court shall, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. If the person violates a condition of his probation, the court shall proceed in accordance with the provisions of section 3565.

(b) Record of disposition.—A nonpublic record of a disposition under subsection (a), or a conviction that is the subject of an expungement order under subsection (c), shall be retained by the Department of Justice solely for the purpose of use by the courts in determining in any subsequent proceeding whether a person qualifies for the disposition provided in subsection (a) or the expungement provided in subsection (c). A disposition under subsection (a), or a conviction that is the subject of an expungement order under subsection (c), shall not be considered a conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, or for any other purpose.

(c) Expungement of record of disposition.—If the case against a person found guilty of an offense under section 404 of the Controlled Substances Act (21 U.S.C. 844) is the subject of a disposition under subsection (a), and the person was less than twenty-one years old at the time of the offense, the court shall enter an expungement order upon the application of such person. The expungement order shall direct that there be expunged from all official records, except the nonpublic records referred to in subsection (b), all references to his arrest for the offense, the institution of criminal proceedings against him, and the results thereof. The effect of the order shall be to restore such person, in the contemplation of the law, to the status he occupied before such arrest or institution of criminal proceedings. A person concerning whom such an order has been entered shall not be held thereafter under any provision of law to be guilty of perjury, false swearing, or making a false statement by reason of his failure to recite or acknowledge such arrests or institution of criminal proceedings, or the results thereof, in response to an inquiry made of him for any purpose.

18 U.S.C. § 3607 (Supp. IV 1986).

As was the case with the prior statute, the ameliorative provisions of the current first offender statute are available only to persons found guilty of simple possession of a controlled substance. In passing the first offender statute, Congress expressed its intent to rehabilitate the

individual user of drugs.[6] This policy has been considered to be of equal importance to the congressional policy to deport narcotics offenders. *See Matter of Werk, supra; cf. Matter of Zingis,* 14 I&N Dec. 621 (BIA 1974) (relative to the policy of rehabilitating youthful offenders). However, in restricting first offender treatment to persons charged only with possessing drugs for their own use, Congress clearly meant to exclude those guilty of more serious drug offenses from the favorable disposition afforded by the statute. We therefore conclude that it would be inappropriate to extend this congressional policy of rehabilitation beyond its intended scope by expanding the immigration exemption for first offenders to aliens charged with any crime other than simple possession of a controlled dangerous substance.[7]

In examining a state statute which grants first offender treatment to drug violators, we shall include an inquiry as to whether it is available only to persons charged with simple possession of a controlled substance. Thus, if a statute applies to offenders of more serious drug violations, it will not be considered to be the state equivalent to the federal first offender statute. *Cf. Matter of Berker,* 15 I&N Dec. 725 (BIA 1976) (the Board held that it was inappropriate to limit youth offender treatment under the provisions of the Federal Youth Corrections Act, 18 U.S.C. §§ 5005-26, *repealed by* the Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, Title II, §§ 218(a)(8), 235(a)(1)(A), 98 Stat. 1837, 2027, 2031 (effective Oct. 12, 1984), to

---

[6] The legislative history of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. No. 91-513, 84 Stat. 1236, which enacted the original federal first offender statute at 21 U.S.C. § 844(b) (1970), states that the philosophy behind the act included the following goals: to rehabilitate rather than punish the individual user and to attack illegal traffic in drugs with the full power of the Government. *See* H. R. Rep. No. 1444, 91st Cong., 2d Sess., *reprinted in* 1970 U.S.C.C.A.N. 4566, 4575. It further notes that the offense of possession of drugs, for which first offender treatment is available, must be for one's own use rather than for the purpose of illicit transactions involving others, for which much more severe penalties are provided. *Id.* at 4577.

[7] Our holding in this regard applies not only to more serious drug offenses, but also to any crime not related to possession of drugs. In *Matter of Ozkok,* 19 I&N Dec. 546 (BIA 1988), we pointed out that there exists in the various states a myriad of provisions for ameliorating the effects of a conviction. We further noted that, as a result, aliens who have clearly been guilty of criminal behavior and whom Congress intended to be considered "convicted" have escaped the immigration consequences normally attendant upon a conviction. We accordingly revised our standard for determining what constitutes a final conviction for immigration purposes in order to avoid any continued dependency on "the vagaries of state law."
Congress restricted first offender treatment to those it believed might be rehabilitated from drug abuse. This congressional policy of leniency was not extended to persons guilty of any other crime. We therefore find that Congress intended that aliens who have been sentenced under state first offender statutes of general applicability for violations of law unrelated to drug possession should be considered "convicted" and should not be exempt from the immigration consequences of their crime.

aliens convicted of marihuana possession since the statute drew no distinction between simple possession of marihuana and offenses involving more serious drug violations).

Reviewing Article 27, section 292 of the Annotated Code of Maryland, we note that it relates to persons guilty of "any of the offenses specified in this subheading." In addition to simple possession, offenses contained in the subheading "Health-Controlled Dangerous Substances" include the unlawful manufacture, distribution, or transport into the state of a controlled dangerous substance. *See* Md. Code Ann. art. 27, §§ 286, 286A (1982). Since the Maryland statute offers favorable treatment to anyone committing his first drug violation regardless of the severity of his offense, it is significantly more broad in its applicability than the federal statute. We therefore find that it does not qualify as a state counterpart to the federal first offender statute. Accordingly, we conclude that aliens sentenced under Article 27, section 292 of the Annotated Code of Maryland are not exempt from the immigration consequences of a drug conviction.[8] In view of this conclusion we need not address the Service's argument that the Maryland law is not a state counterpart to the federal first offender statute because a conviction exists for some state purpose following discharge and dismissal.

**ORDER:** The decision of the immigration judge terminating these proceedings is reversed. The record is remanded for further proceedings.

---

[8] We note that the disposition of the criminal court under Article 27, section 292 also constitutes a final conviction under the standard set forth in *Matter of Ozkok, supra.*

11