# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-2032

_____

Edwin Atilio Vasquez-Velezmoro,    *
                                   *
          Petitioner,              *
                                   *   On Petition for Review of
     v.                            *   an Order of the Board of
                                   *   Immigration Appeals.
United States Immigration and      *
Naturalization Service,            *
                                   *
          Respondent.              *

_____

Submitted:  November 13, 2001
Filed:  March 1, 2002

_____

Before BYE, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

The petitioner, Edwin Atilio Vasquez-Velezmoro, appeals the decision of the Board of Immigration Appeals (BIA) that his drug conviction makes him ineligible for cancellation of removal proceedings. He argues that because his conviction was expunged under Texas law, it is not a "conviction" for immigration purposes. His argument proceeds as follows: (1) If he had committed the same unlawful acts and had been charged in federal court, he could have been eligible to have his conviction expunged under the Federal First Offender Act (FFOA) 18 U.S.C. §3607; (2) a conviction expunged under the FFOA should not be considered a conviction for any

purpose; (3) there is no rational basis for treating state expunged convictions (that could have been FFOA expunged convictions if charged in federal court) and FFOA expunged convictions differently for immigration purposes; (4) therefore, the BIA's ruling that his expunged conviction is a conviction for immigration purposes violates his right to equal protection of the laws as guaranteed to aliens by the Due Process Clause of the Fifth Amendment. We reject this argument. Because petitioner received a term of state probation longer than that allowed for eligibility for relief under the FFOA, he is not situated similarly to aliens whose convictions are expunged pursuant to the FFOA. It is rational to treat aliens who are given longer sentences more harshly under immigration law. For this reason, we hold petitioner is removable because of his conviction, and we dismiss his appeal for lack of jurisdiction.

I.

Petitioner is a citizen of Peru. In 1985, he entered the United States without inspection. In 1986, he was charged in a Texas state court with possession of a controlled substance. Administrative Record (A.R.) at 86. This was his first drug offense. He was sentenced to ten years' imprisonment, all of which was probated. A.R. at 82. In 1988, after completing two years of probation, petitioner was permitted to withdraw his guilty plea. A.R. at 77. The indictment was dismissed, and his judgment of conviction was set aside. A.R. at 77. This relief was granted pursuant to Article 42.12 of the Texas Code of Criminal Procedure.

In 1997, the government began removal proceedings against petitioner. In response, petitioner filed an application for cancellation of removal. On April 1, 1999, an Immigration Judge denied this request and ordered petitioner removed to Peru. Petitioner appealed. On April 3, 2001, the BIA ruled that petitioner had a conviction for immigration purposes and ordered him removed. A.R. at 2. This petition to our Court followed.

II.

Initially, we address whether this Court has jurisdiction to consider this petition. Congress has ordered that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) . . .." 8 U.S.C. § 1252(a)(2)(C). Petitioner's Texas drug conviction is included in § 1182(a)(2), as it is "a violation of . . . any law or regulation of a State . . . relating to a controlled substance." 8 U.S.C. § 1182(a)(2)(A)(i)(II). However, this Court has jurisdiction to determine preliminary jurisdictional issues. Gavilan-Cuate v. Yetter, 276 F.3d 418 (8th Cir. 2002) (court has jurisdiction to determine if petitioner had been convicted of an offense that subjected him to removal). In the instant case, this means we may consider whether petitioner is removable because of his conviction. This is the question petitioner urges us to consider. In so doing, he raises an equal-protection challenge. This Court has jurisdiction to consider substantial constitutional challenges to the Immigration and Nationality Act. See Lara-Ruiz v. INS, 241 F.3d 934, 939 (7th Cir. 2001).

Petitioner is appealing the denial of his application for cancellation of removal. Aliens who have "been convicted of an offense under section 1182(a)(2)" are not eligible for cancellation. 8 U.S.C. § 1229b(b)(1)(C). The core of petitioner's argument is that because his conviction was expunged under Texas law, he is not "convicted" for immigration purposes, and is not barred from being granted cancellation of removal.

To determine if petitioner is "convicted" for immigration purposes, we begin with the general definition of "conviction" provided in 8 U.S.C. § 1101(a)(48).

The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where —

(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and

(ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

Petitioner admits that he entered a guilty plea to the drug charges brought against him in Texas. Petitioner's Brief at 17. At first glance then, he seems to be convicted for immigration purposes.

However, this definition of conviction was added by Congress in 1996. Earlier, the BIA had ruled that a first-time drug-possession offense expunged under the FFOA was not a conviction for immigration purposes. See Matter of Werk, 16 I&N Dec. 234 (BIA 1977). The Ninth Circuit held that as a matter of due process, aliens who committed a state drug offense and were rehabilitated under a state statute that mirrored the FFOA, also did not have a conviction for immigration purposes. See Garberding v. INS, 30 F.3d 1187, 1191 (9th Cir. 1994).

In response to the Ninth Circuit's ruling in Garberding, the BIA extended the rule in Werk to aliens with state convictions similar to those covered by the FFOA. See Matter of Manrique, 21 I&N Dec. 58 (BIA 1995). There, the BIA ruled that it would not consider an expunged drug conviction to be a conviction for immigration purposes if: (1) the alien was convicted of simple drug possession; (2) it was a first offense; (3) the alien had not received previous first-offender treatment; and (4) the court entered an order pursuant to a state rehabilitative statute under which the alien's conviction was deferred or dismissed upon successful completion of probation. Id.

at 64. Petitioner would not have a "conviction" for immigration purposes under this rule.

Unfortunately for petitioner, following the 1996 amendments to the immigration laws, the BIA reversed this position. The BIA has ruled that the definition of conviction in § 1108(a)(48) superseded Manrique, and that state convictions for first-time simple drug possession that were expunged under state law were still convictions for immigration law that subjected an alien to removal. Matter of Roldan-Santoya, Interim Decision 3377 (BIA 1999). The Ninth Circuit has disagreed, and in an appeal of Roldan concluded that the new definition of conviction did not change that court's position that equal protection requires "that the benefits of the [FFOA] be extended to aliens whose offenses are expunged under state rehabilitative laws, provided that they would have been eligible for relief under the [FFOA] had their offenses been prosecuted as federal crimes." Lujan-Armendariz v. INS, 222 F.3d 728, 749 (9th Cir. 2000).

Petitioner urges us to adopt the holding and reasoning of Lujan-Armendariz. We decline to do so. First, we note that whether the § 1108(a)(48) definition of conviction implicitly repealed the FFOA, so that aliens whose convictions are expunged under the FFOA have convictions under immigration law, is an unsettled question. The BIA has not yet squarely faced the issue. In Lujan-Armendariz, the Ninth Circuit rejected the proposition that the FFOA was implicitly repealed for immigration purposes. Lujan-Armendariz, 222 F.3d at 749. We do not find it necessary to decide the question. Petitioner did not receive relief under the FFOA. For purposes of this opinion, we will assume that convictions expunged by the FFOA are not convictions for immigration purposes.

However, we still conclude that petitioner has a conviction that subjects him to removal, because his equal protection claim cannot succeed. The reason is that petitioner's situation is not sufficiently similar to a person eligible for FFOA

-5-

treatment to require equal treatment. In other words, there is a rational basis for distinguishing between petitioner and an alien who received FFOA relief.

Petitioner is not a member of a suspect class, or otherwise entitled to heightened scrutiny. See Plyler v. Doe, 457 U.S. 202 (1982) ("holding that undocumented aliens" are not a suspect class). His equal-protection claim, therefore, is analyzed under the deferential rational-basis standard. The government's different treatment of persons will "be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993). The reason for the government's different treatment must not be "arbitrary or unreasonable." Yeung v. INS, 76 F.3d 337, 339 (11th Cir. 1995). Stated another way, equal protection prohibits the government from unreasonably distinguishing, in its rules or programs, between persons who should be regarded as similarly situated.

The FFOA requires that to be eligible under the statute, the defendant must be a first-time violator of drug laws and not have previously received first-offender treatment. Petitioner meets these criteria. However, the FFOA goes on to state that a "court may . . . place [a defendant] on probation for a term of not more than one year without entering a judgment of conviction." 18 U.S.C. § 3607(a). Only persons who receive no more than this one-year sentence of probation are eligible for the FFOA's benefits, namely dismissal of proceedings against them without the entering of a judgment of conviction.

Petitioner was sentenced to ten years of probation by a Texas state court. This is a significantly longer sentence than the one-year-or-less sentence of probation that defendants need to be eligible for FFOA relief. Therefore, he is not similarly situated to aliens who received FFOA expungement. This difference in sentences is a rational basis for treating petitioner differently from an alien whose conviction is expunged under the FFOA. It seems to us neither arbitrary nor unreasonable for the government

to believe that the length of a defendant's sentence is related to his culpability for wrongdoing. Therefore, it is rational to treat petitioner, who was sentenced to ten years of probation (and served two years) differently from an alien who was sentenced to one year of probation, in terms of whether his conviction should bar him from remaining in the United States.

The Eleventh Circuit recently reached this same conclusion. Fernandez-Bernal v. Attorney General of the United States, 257 F.3d 1304 (11th Cir. 2001). That court held that an alien sentenced to two years of probation in a state court could not succeed on an equal-protection claim based on a comparison of how aliens sentenced to one year of probation who receive FFOA relief are treated under the immigration laws. Id. at 1316-17. We agree with the Eleventh Circuit that "treating aliens differently based on the nature of the sentences they received" does not violate equal protection. Id. at 1317. "[N]othing requires that aliens whose sentences would not have been expunged under the FFOA be given better treatment under the immigration laws merely because they received their sentences and expungements under state law." Id. at 1317 n.12.

We recognize that our decision today and the Eleventh Circuit's decision conflict with the Ninth Circuit's holding in Lujan-Armendariz. The Ninth Circuit seemed to view the critical comparison for equal-protection purposes to be "what [the petitioner] did." Lujan-Armendariz, 222 F.3d at 739 n.18 (quoting Garberding, 30 F.3d at 1191). In this view, because petitioner *could* have received a one-year sentence had he been sentenced in federal court under the FFOA, equal protection forbids treating him differently, despite the fact that petitioner actually got a longer sentence. Although not made explicitly clear, we believe this is the rationale of the Lujan-Armendariz court for affording relief to petitioners who were sentenced to three-year and five-year terms of probation.

We respectfully disagree with this line of reasoning. We believe that the length of the sentences criminal aliens receive for having committed unlawful acts is a rational basis for treating persons differently under immigration law, even if those convictions were expunged. We recognize that this may seem unfair, in that if petitioner had been charged in a federal court, a judge who wanted him to be eligible to have his conviction expunged would have realized that a one-year sentence was a prerequisite under the FFOA. In contrast, the Texas judge could give a longer sentence and afford petitioner the same chance at having his conviction expunged. To the extent these defendants are similarly situated (in that the intent of the judge was to provide them with the opportunity to have their convictions expunged), we still see a rational basis for treating differently state and federal convictions that are expunged. Congress defines the rules of federal criminal procedure, and Congress enacted the FFOA. It is reasonable to grant greater immigration relief to defendants whom it has selected for preferential treatment of their convictions. That is, Congress better knows and can control the pool of defendant aliens who will be eligible for immigration relief via the FFOA, than it can with state defendant aliens rehabilitated through a variety of statutes. Congress could also have been adopting legislative reform of its treatment of convicted aliens "one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind," here, aliens convicted of state crimes. Williamson v. Lee Optical of Okla., Inc., 348 U.S. 483, 489 (1955) (citation omitted). These are conceivable states of facts to explain treating differently aliens with state expunged convictions and aliens with FFOA expunged convictions.

III.

In this case, treating petitioner differently from an alien whose conviction was expunged under the FFOA is not arbitrary or unreasonable. His sentence was much greater than allowed under the FFOA, so he is not similarly situated to aliens who receive relief under that statute. Petitioner's equal-protection claim fails. He has a

conviction under the language of § 1108(a)(48) and is, therefore, ineligible for cancellation of removal. See 8 U.S.C. § 1229b(b)(1)(C).

As noted above, this Court lacks jurisdiction to review final orders of removal against aliens who have committed certain crimes, including violations of laws relating to controlled substances. Therefore, we dismiss this petition for lack of jurisdiction.

BYE, Circuit Judge, concurring.

The court concludes we have jurisdiction to consider substantial constitutional challenges to the Immigration and Nationality Act despite the jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2)(C). I am not as certain. The Supreme Court recently concluded an alien may file a petition for a writ of habeas corpus to challenge removal proceedings. INS v. St. Cyr, 121 S. Ct. 2271, 2287 (2001). St. Cyr may alleviate concerns we have about Congress stripping the courts of jurisdiction to consider substantial constitutional challenges in a direct petition for review of an order of the Board of Immigration Appeals. We recently expressed uncertainty about our jurisdiction over such matters, but because the government did not challenge the issue we assumed without deciding that we had jurisdiction in order to reach the merits of an equal protection challenge. See Lukowski v. INS, ___ F.3d ___, ___ (8th Cir. 2002). I would prefer to do the same here.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.