# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1721

_____

Festus Olakunle Ajetunmobi,     *

                          *

        Petitioner,         *

                          *   Petition for Review of

      v.                  *   an Order of the Immigration

                          *   and Naturalization Service.

John Ashcroft, Attorney General   *

of the United States,         *        [UNPUBLISHED]

                          *

       Respondents.      *

_____

Submitted: August 27, 2002

Filed: August 30, 2002

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Festus Olakunle Ajetunmobi, a Nigerian citizen and lawful permanent resident (LPR) of the United States, petitions for review of an order of the Board of Immigration Appeals (BIA), which summarily affirmed the Immigration Judge's determination that Mr. Ajetunmobi was removable under the Immigration and Nationality Act (INA) § 237(a)(2)(A)(ii) (8 U.S.C.§ 1227(a)(2)(A)(ii)) for having been convicted of two separate crimes involving moral turpitude, and under INA

§ 237(a)(2)(A)(iii) (8 U.S.C. § 1227(a)(2)(A)(iii)) for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(F) (8 U.S.C. § 1101(a)(43)(F)). We deny the petition.

Mr. Ajetunmobi argues that INA § 212(h) (8 U.S.C. § 1182(h)), which prevented him from receiving a waiver of inadmissibility, violates equal protection by treating illegal aliens better than LPRs. See 8 U.S.C. § 1182(h) (no waiver of inadmissibility shall be granted to LPR who has been convicted of aggravated felony since admission). Although 8 U.S.C. § 1182(h) states that "[n]o court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver [of inadmissibility]," Mr. Ajetunmobi's equal-protection challenge is reviewable, see Vasquez-Velezmoro v. INS, 281 F.3d 693, 695-96 (8th Cir. 2002) (despite § 1182(h)'s jurisdiction-stripping language, this court has jurisdiction to consider substantial constitutional challenges to INA). The equal-protection challenge, however, is foreclosed. See Lukowski v. INS, 279 F.3d 644, 647-48 (8th Cir. 2002) ("§ 1182(h) easily passes equal protection muster"; Congress does not violate equal protection merely because classifications it makes are imperfect or result in some inequality).

The other issues Mr. Ajetunmobi seeks to raise either exceed the scope of this court's jurisdiction to review directly a BIA determination, or lack merit, and some are duplicative of claims he has pending in a habeas corpus action.

Accordingly, we deny the petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.