# United States Court of Appeals
## For the Eighth Circuit
_____

No. 19-1739
_____

Soo Line Railroad, Inc., doing business as Canadian Pacific

*Petitioner*

v.

Administrative Review Board of the United States Department of Labor

*Respondent*
_____

Petition for Review of an Order of the
Department of Labor
_____

Submitted: October 23, 2020
Filed: March 4, 2021
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Kenneth Henin, a former conductor for Soo Line Railroad, Inc. (doing business as Canadian Pacific), filed a complaint with the Department of Labor, claiming that Canadian Pacific terminated his employment in violation of the Federal Railroad Safety Act (FRSA). An administrative law judge (ALJ) dismissed Henin's complaint, and Henin filed a petition for review with the Administrative Review Board (the Board). Canadian Pacific moved to dismiss Henin's petition for

review as untimely. The Board agreed. However, upon Henin's motion for reconsideration, the Board granted reconsideration and reinstated Henin's petition as timely before dismissing his claim altogether. Canadian Pacific now petitions this Court for review of the Board's reconsideration, reinstatement, and dismissal. We have jurisdiction pursuant to 49 U.S.C. § 20109(d)(4), and we deny Canadian Pacific's petition for review.

I.

Henin began working as a conductor for Canadian Pacific in 2003. Canadian Pacific terminated Henin's employment in 2015 and cited rule violations as cause for his termination. Henin filed a complaint on June 13, 2015, with the Department of Labor, alleging that Canadian Pacific terminated his employment in violation of the FRSA. However, after investigating, the Occupational Safety and Health Administration dismissed Henin's complaint.

Henin requested a hearing before an ALJ, and after discovery, Canadian Pacific moved for summary judgment. The ALJ granted Canadian Pacific's motion in its "Decision and Order Granting Summary Decision for Respondent" (Decision and Order), which was dated January 11, 2019. Henin received the Decision and Order on January 22, 2019.

On January 28, 2019, Henin filed with the Board a petition for review of the ALJ's Decision and Order. On February 5, 2019, the Clerk of the Appellate Boards issued a notice of appeal indicating the Board's acceptance of Henin's petition. Subsequently, on February 8, 2019, Canadian Pacific moved to dismiss the petition, alleging that it was untimely filed. On February 26, 2019, the Board granted Canadian Pacific's motion and dismissed Henin's petition as untimely. Henin then moved for reconsideration. In his motion, Henin explained that he did not receive the Decision and Order until 11 days after its issuance; that before the Decision and Order, there had been no case activity since 2017; and that between December 22, 2018, and January 25, 2019, the federal government experienced a "shutdown." On

March 22, 2019, the Board granted reconsideration and reinstated Henin's claim as timely. Then, the Board immediately dismissed Henin's claim, citing the complaint that Henin filed in federal district court pursuant to 49 U.S.C. § 20109(d)(3) and 29 C.F.R. § 1982.114(a)—both of which grant a federal district court jurisdiction to review an employee's claim(s) de novo if, like here, the Secretary of Labor does not issue a "final" decision within 210 days of the complaint's filing date. On February 11, 2019, Henin, in accordance with these two provisions, filed a complaint in the District of Minnesota, 19-CV-336-PAM-BRT, and that case is currently stayed pending this appeal. Canadian Pacific now petitions this Court for review of the Board's March 22, 2019 order.[1]

## II.

"[T]his Court has jurisdiction to determine preliminary jurisdictional issues." Vasquez-Velezmoro v. INS, 281 F.3d 693, 695 (8th Cir. 2002) (alteration in original). The FRSA's "review" provision, 49 U.S.C. § 20109(d)(4); 29 C.F.R. § 1982.112(a), permits a federal court of appeals to review a "final" order issued by the Secretary of Labor. "[A]ny person adversely affected or aggrieved by [an] order may file a petition for review of [that] order in the United States Court of Appeals for the circuit in which the violation allegedly occurred." 29 C.F.R. § 1982.112(a); see also 49 U.S.C. § 20109(d)(4). We must determine whether, as a federal court of

---

[1]Canadian Pacific provides little explanation as to why it now petitions this Court for review despite its apparent "win" in the administrative proceedings below—where the Board dismissed Henin's claim entirely. See, e.g., Appellant Br. 6-7, 26. We are therefore left to assume not only Canadian Pacific's motivation driving its petition but also the effect of its petition on the administrative and district court proceedings. Presumably, the Board's reinstatement of Henin's claim as timely allows the district court to review the merits of Henin's claim de novo. 49 U.S.C. § 20109(d)(3); 29 C.F.R. § 1982.114(a). However, if we grant Canadian Pacific's petition for review and find Henin's petition for review to the Board untimely, then the ALJ's January 11, 2019 Decision and Order would arguably become the final order of the Secretary of Labor and would not be subject to judicial review. 29 C.F.R. § 1982.110(b).

-3-

appeals, we have jurisdiction under 49 U.S.C. § 20109(d)(4)'s "review" provision. We find that we do. The Board's March 22 order was a "final" order. See, e.g., BNSF Ry. Co. v. U.S. Dep't of Lab. Admin. Rev. Bd., 867 F.3d 942, 945 (8th Cir. 2017) (citing 49 U.S.C. § 20109(d)(4)). Therefore, under 49 U.S.C. § 20109(d)(4) and 29 C.F.R. § 1982.112(a), we have jurisdiction to review the order.[2]

We next move to Canadian Pacific's petition for review. "[W]e will set aside agency action that is 'not in accordance with law.'" Dakota, Minn. & E. R.R. Corp. v. U.S. Dep't of Lab. Admin. Rev. Bd., 948 F.3d 940, 945 (8th Cir. 2020) (citation omitted); see also BNSF Ry. Co., 867 F.3d at 945 ("We set aside agency action that is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accord with law.'" (citation omitted)).

We must first decide whether it was appropriate for the Board to grant reconsideration. "The [Board] is authorized to reconsider a decision upon the filing of a motion for reconsideration within a reasonable time of the date on which the Board issued the decision." Wimer-Gonzales v. J.C. Penney Corp, ARB No. 10-148, 2012 WL 694503, at *2 (DOL Admin. Rev. Bd. Feb. 7, 2012). However, reconsideration is appropriate only in "limited circumstances." Getman v. Sw. Sec., Inc., ARB No. 04-059, 2006 WL 3246901, at *1 (DOL Admin. Rev. Bd. Mar. 7, 2006).

The Board has applied a four-prong test to determine if reconsideration is appropriate. See, e.g., Wimer-Gonzales, 2012 WL 694503, at *2. These prongs are:

> (i) material differences in fact or law from that presented to a court of which the moving party could not have known through reasonable

---

[2]To clarify, 29 C.F.R. § 1982.110(b) is harmonious—and here coexists—with 49 U.S.C. § 20109(d)(4) and 29 C.F.R. § 1982.112(a). We have jurisdiction to review Canadian Pacific's petition for review of the Board's March 22 final order (which found Henin's petition timely), while 29 C.F.R. § 1982.110(b) dictates that there can be no judicial review of the ALJ's January 11 Decision and Order if Henin's petition to the Board was untimely.

diligence, (ii) new material facts that occurred after the court's decision, (iii) a change in the law after the court's decision, and (iv) failure to consider material facts presented to the court before its decision.

Abdur-Rahman v. Dekalb Cnty., ARB Nos. 08-003, 10-074, 2011 WL 729637, at *2 (DOL Admin. Rev. Bd. Feb. 16, 2011). The parties agree that only prong (i) ("material differences in fact or law") and prong (iv) ("failure to consider material facts") are at issue here. Therefore, we limit our discussion to those two prongs.

In its March 22 grant of reconsideration, the Board noted:

A review of the ALJ's [Decision and Order], filed with [Henin's] petition for review, indicates that it was issued on January 11, 2019, and that a copy of the [Decision and Order] was sent that same day via certified mail to [Henin]. The Board subsequently received the record in this case including a copy of the ALJ's docket sheet which again indicates that the ALJ's [Decision and Order] was issued on January 11, 2019. *But the record also contains a copy of the ALJ's [Decision and Order] indicating, inexplicably, that it was issued on January 15, 2019.*

J.A. at 76 (emphasis added). This January 15 copy of the ALJ's Decision and Order is not mentioned in Canadian Pacific's motion to dismiss Henin's petition as untimely, in Henin's brief in opposition to Canadian Pacific's motion to dismiss, in the Board's order dismissing Henin's petition as untimely, or in Henin's motion for reconsideration. This fact—first recognized by the Board in its March 22 order—is a material difference in fact from that which was presented to the Board in prior proceedings. See Abdur-Rahman, 2011 WL 729637, at *2. Therefore, prong (i) was satisfied.

Further, Henin alerted the Board to the delayed service date (January 22) in his brief in opposition to Canadian Pacific's motion to dismiss. See J.A. at 26 ("We would like to note for the record that while the Order is dated January 11, 2019, it took 11 days for the Order to reach our office in Minnesota via regular mail.").

However, the Board made no mention of this fact in its order dismissing Henin's petition as untimely. Thus, the Board "fail[ed] to consider [a] material fact[] presented to [it] before its decision," satisfying prong (iv). See Abdur-Rahman, 2011 WL 729637, at *2. Therefore, because both prong (i) and prong (iv) were satisfied, reconsideration was appropriate.

Canadian Pacific also asserts that the Board improperly relied on the Federal Rules of Appellate Procedure in determining the filing deadline for Henin's petition, and thus whether the petition was timely. In its February 26 order, the Board explained that Henin's petition was untimely pursuant to 29 C.F.R. § 1982.110(a). Under that provision, any petition for review "must be filed within 14 days of the date of the decision of the ALJ." Id. The Board determined that, following the ALJ's January 11 Decision and Order, Henin's petition was due on or before January 25. Because Henin filed his petition on January 28, the Board found that the petition was untimely. However, when reconsidering Henin's petition, and after noting that Henin did not receive the ALJ's Decision and Order until January 22, the Board reconsidered timeliness pursuant to 29 C.F.R. § 1982.110(a). It found that Henin's petition was due on or before January 28.

Canadian Pacific contends that the Board improperly applied Rule 26(c) of the Federal Rules of Appellate Procedure. Henin concedes that Rule 26(c) is inapplicable to administrative appeals, but he argues that the Board merely applied Rule 26(c) by analogy using its equitable powers, which it was permitted to do. We agree.

Rule 26(c) provides, "When a party may or must act within a specified time after being served, 3 days are added after the period would otherwise expire under Rule 26(a), unless the paper is delivered on the date of service stated in the proof of service." Fed. R. App. P. 26(c) (2017). In its March 22 order granting reconsideration, the Board explained:

> Because the ALJ's [Decision and Order] was not delivered to [Henin] until January 22, 2019, and because "3 days are added after the period would otherwise expire", the petition for review in this case was due on or before January 28, 2019, under Rule 26(c) of the Federal Rules of Appellate Procedure.

J.A. at 76. The Federal Rules of Appellate Procedure only govern procedure in the United States Courts of Appeals. See Fed. R. App. P. 1(a). However, "[t]he period for filing a petition for review with the [Board] is not jurisdictional and therefore is subject to equitable modification." Butler v. Neier, Inc., ARB No. 16-086, 2016 WL 7212572, at *1 (DOL Admin. Rev. Bd. Nov. 21, 2016). Although "equitable tolling should be granted sparingly," id., here we find that the Board appropriately utilized its equitable powers to control its own docket and to recognize the record's incongruities and the 11-day delay in service. Therefore, we find that the Board's reconsideration, reinstatement, and dismissal of Henin's petition was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accord with law." BNSF Ry. Co., 867 F.3d at 945 (citation omitted).

## III.

For the above-stated reasons, we deny Canadian Pacific's petition for review.

_____